THE STATE OF OHIO, APPELLANT, *v.* REESE, APPELLEE.

[Cite as *State v. Reese,* 106 Ohio St.3d 65, 2005-Ohio-3806.]

(No. 2004–0285—Submitted February 2, 2005—Decided August 10, 2005.)

O'CONNOR, J.

{¶ 1} We are asked to consider whether strict compliance with R.C. 2945.05 requires a trial court to impose counsel upon a pro se defendant who has already waived his right to counsel and wishes to further waive his right to a jury trial. For the following reasons, we find that strict compliance with R.C. 2945.05 is accomplished by establishing that a pro se defendant had an opportunity to consult with counsel at any time prior to waiving his right to a jury trial, but that actual consultation need not occur, and that appointment of counsel for a pro se defendant is not mandatory under the statute.

*Facts and Procedural History*

{¶ 2} On September 19, 2001, Thomas J. Reese, defendant-appellee, was indicted on two counts of felonious assault, two counts of attempted murder, one count of criminal damaging, and one count of aggravated menacing. After almost five months and seven pretrial hearings during which Reese was represented by attorney Anthony V. Consoldane of the State Public Defender's Office, Reese

waived his right to appointed counsel in writing. Consoldane was then appointed by the trial judge as standby counsel.

{¶ 3} At issue in this case is Reese's attempt to waive his right to a jury trial. When Reese first stated that he wanted to waive a jury, he expressed his desire to be tried instead by a three-judge panel. The trial judge explained to Reese on at least two occasions that he was not entitled to a three-judge panel, but rather only a single judge should he choose to waive a jury trial. The trial judge was eventually satisfied that Reese understood the options available to him and ultimately permitted Reese to waive his right to a jury trial. The waiver was incorporated in a judgment entry, filed March 19, 2002, and signed by Reese pro se. After trial, the trial judge convicted Reese on all counts in the indictment.

{¶ 4} On appeal, aided by different counsel, Reese argued that the trial court failed to strictly comply with R.C. 2945.05 in accepting his jury trial waiver and therefore was without jurisdiction to conduct a bench trial. The Trumbull County Court of Appeals agreed and reversed his conviction. The court held that strict compliance with R.C. 2945.05 requires that "the record must demonstrate that a pro se defendant was given the opportunity to consult with an attorney prior to waiver of a jury trial." The court concluded that "[b]ecause the record has failed to give any indication that appellant's standby counsel was present or that appellant was given the opportunity to consult with an attorney immediately prior to his waiver of jury trial, the state has not met its burden." The court went on to clarify that its ruling "does not require that a pro se defendant *must* consult with counsel" but rather that "the state must affirmatively demonstrate from the record that the pro se defendant had the *opportunity* to consult with counsel." (Emphases sic.)

{¶ 5} We now review that decision pursuant to our acceptance of the state's discretionary appeal.

*Analysis*

{¶ 6} R.C. 2945.05 states:

{¶ 7} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *

{¶ 8} "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."

{¶ 9} We have examined R.C. 2945.05 on numerous occasions and determined that the statute is clear and unambiguous and requires strict compliance. *State*

*v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766; *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738. "In the absence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *Pless* at 337, 658 N.E.2d 766.

{¶ 10} The appellate court began its analysis by noting that the statute "fails to carve out any exception for a defendant [who] is representing himself. To the contrary, this language requires that the trial court give *all* defendants, regardless of their pro se status, the opportunity to consult with counsel." (Emphasis sic.) We agree that the statute obviously makes no distinction between pro se defendants and those represented by counsel. We also agree that, accordingly, the language of the statute requires that all defendants have the opportunity to consult with counsel. We differ with the appellate court, however, in the next step of its analysis.

{¶ 11} The appellate court went on to find that the trial court was not in strict compliance with R.C. 2945.05 because Reese was not "given the opportunity to consult with an attorney *immediately* prior to his waiver of jury trial." (Emphasis added.) The appellate court improperly created the requirement that the "opportunity to consult with counsel" occur immediately before the waiver. The statute contains no such temporal restriction. Indeed, the reference to timing in the statute requires only that the waiver be made *after* arraignment and *after* the opportunity to consult with counsel. That opportunity could therefore theoretically arise at any time before the waiver.

{¶ 12} It follows that the appellate court's statement that "[a] careful examination of the record before us fails to demonstrate that appellant was given an opportunity to consult with counsel prior to his jury trial waiver" is incorrect. The appellate court held that the statute had been violated because the record did not affirmatively demonstrate whether Consoldane was present or had the opportunity to consult with Reese immediately before Reese's waiver on March 19, 2002. But the proper query is whether Reese had the opportunity to consult with Consoldane at any time after his arraignment. The record does supply us with that information.

{¶ 13} The record reflects that Consoldane represented Reese for nearly five months between his September 25, 2001 arraignment and the February 12, 2002 pretrial hearing when Reese orally waived his right to appointed counsel. During that period, Consoldane appeared at seven pretrial hearings with Reese. The record also reflects that Consoldane visited Reese in jail on at least two occasions: before the October 2, 2001 pretrial hearing and before the January 15, 2002 pretrial hearing. Finally, Consoldane was appointed by the trial court to be available to Reese throughout the proceedings as standby counsel and appeared with Reese during at least one additional pretrial hearing before Reese's waiver

of a jury trial was accepted by the trial court. At that February 26, 2002 hearing, in Reese's presence, Consoldane stated on the record that he did not think Reese should waive his right to a jury trial. Given all of the foregoing facts, we find that Reese was given an opportunity to consult with counsel in accordance with R.C. 2945.05.

{¶ 14} Having decided that the clear and unambiguous language of R.C. 2945.05 requires an opportunity for consultation for pro se defendants and that Reese was afforded that opportunity, we next turn to the state's argument that the statute as applied to pro se defendants unconstitutionally infringes upon a defendant's right to self-representation. We hold that it does not.

{¶ 15} The United States Supreme Court recognized a criminal defendant's right to self-representation under the Sixth Amendment in *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. Pertinent to this case, the Supreme Court stated:

{¶ 16} "The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists. * * * An unwanted counsel 'represents' the defendant only through a tenuous and unacceptable legal fiction. Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not his defense." Id. at 820–821, 95 S.Ct. 2525, 45 L.Ed.2d 562.

{¶ 17} We do not believe that R.C. 2945.05 flies in the face of *Faretta.* Ensuring the opportunity to consult with counsel does not force counsel upon an unwilling pro se defendant, but rather gives the defendant a chance to seek advice before waiving a fundamental right. As the appellate court stated below, its ruling "does not require that a pro se defendant *must* consult with counsel. Instead, our ruling is that the state must affirmatively demonstrate from the record that the pro se defendant had the *opportunity* to consult with counsel." (Emphasis sic.) We find this distinction valid.

{¶ 18} The final question is what is required of a trial court faced with a pro se defendant who wishes to waive his right to a jury trial pursuant to R.C. 2945.05. As the statute does not distinguish between pro se defendants and those represented by counsel, we have only the plain language of the statute for guidance. Again, because the statute does not require that consultation actually take place, but rather merely the opportunity for consultation, the record need

not necessarily contain an actual discussion between an attorney and defendant, nor a discussion between attorney and judge regarding a discussion between attorney and defendant. It is advisable, however, that the opportunity to consult be demonstrated on the record. This is a very fact-specific inquiry.

{¶ 19} In this case, the record reflects multiple pretrial hearings at which Consoldane was present and also contains references to counsel's visits with Reese in jail. But where such facts are not present, opportunity may be established from the record by other means. In such cases, it is advisable for the trial judge to query on the record whether defendant has had the opportunity to consult with an attorney. If a defendant has not had the chance to hire and meet with counsel, or to have counsel appointed for him, or has waived counsel at an earlier stage, the trial judge would do well to offer to appoint counsel before the waiver is made. The trial judge should not, however, actually appoint counsel to represent defendant contrary to the defendant's expressed desire to represent himself, in light of *Faretta.* In such a case, appointing standby counsel would be a viable alternative. Standby counsel does not act in a representational capacity for the defendant and thus would not violate *Faretta* even if the defendant did not want standby counsel. In either event, once the offer has been made by the trial judge, the defendant cannot later say that he did not have an opportunity to consult with counsel.

{¶ 20} Based on all of the foregoing, we reverse the judgment of the appellate court and reinstate Reese's convictions and sentence.

Judgment reversed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'DONNELL and LANZINGER, JJ., concur.

---

Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos, Assistant Prosecuting Attorney, for appellant.

Maridee L. Costanzo, for appellee.