DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Michael E. Smith, appeals from his conviction of domestic violence, in violation of R.C. 2919.25, after a bench trial in the Athens County Municipal Court. Appellant alleges that 1) the trial court erred to his prejudice in conducting a bench trial without a written waiver of his right to trial by jury; 2) the trial court erred in finding him guilty when the alleged victim and he were not married and had no children together; 3) the trial court's verdict is not supported by sufficient evidence; and 4) the trial court erred by convicting him against the manifest weight of the evidence. Because we find that the trial court was without jurisdiction to conduct a bench trial absent a written waiver from Appellant, we vacate Appellant's conviction and remand this matter to the trial court for further proceedings consistent with this opinion. We decline to address Appellant's remaining assignments of error as they have been rendered moot.
 I. Facts {¶ 2} Appellant was arrested and charged with domestic violence, in violation of R.C. 2919.25(A), a first degree misdemeanor, on April 30, 2006. Appellant, through counsel, properly filed a jury demand on June 1, 2006. However, on June 24, 2006, Appellant's counsel signed, on Appellant's behalf, an entry granting a continuance of a scheduled pre-trial conference, and also setting the matter for bench trial on August 22, 2006. The matter ultimately proceeded to a bench trial which resulted in Appellant's conviction of the charged offense. Appellant did not object to having the matter tried to the bench rather than before a jury. Appellant now appeals his conviction and sentence, assigning the following errors for our review.
 II. Assignments of Error {¶ 3} "I. THE TRIAL COURT ERRED TO SMITH'S PREJUDICE IN CONDUCTING A BENCH TRIAL WITHOUT A WRITTEN WAIVER OF HIS RIGHT TO TRIAL BY JURY.
 {¶ 4} II. THE TRIAL COURT ERRED IN FINDING SMITH GUILTY WHEN THE ALLEGED VICTIM AND HE WERE NOT MARRIED AND HAD NO CHILDREN TOGETHER.
 {¶ 5} III. THE TRIAL COURT'S VERDICT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 {¶ 6} IV. THE TRIAL COURT ERRED IN CONVICTING SMITH AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 III. Legal Analysis {¶ 7} In his first assignment of error, Appellant asserts that the trial court erred to his prejudice in conducting a bench trial without a written waiver of his right to trial by jury. We agree.
 {¶ 8} Appellant was convicted of domestic violence, in violation of R.C. 2919.25, a first degree misdemeanor. Crim.R. 23(A) provides, in pertinent part, as follows:
 "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."
 {¶ 9} R.C. 2945.05 provides that a defendant may waive a properly demanded jury trial, but that such waiver "shall be in writing, signed by the defendant, and filed * * * and made part of the record * * *." See, also, State v. Pless (1996), 74 Ohio St.3d 333, 658 NE.2d 766, paragraph one of the syllabus. In State v. Jackson (Mar. 11, 1998), Athens App. No. 97CA22, 1998 WL 128997, this Court recognized that "[t]he statute only requires a written jury waiver from defendants who are tried by the court rather than by a jury."
 {¶ 10} In Pless, the Supreme Court of Ohio held that "[i]n a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." (Citations omitted). State v. Pless (1996), 74 Ohio St.3d at paragraph one of the syllabus.
 {¶ 11} In the case sub judice, Appellant properly demanded a jury trial in accordance with CrimR. 23(A). However, a review of the record reveals that Appellant's attorney signed an entry granting a continuance on July 24, 2006, and setting the matter for a bench trial on August 22, 2006. The matter did in fact proceed to a bench trial, without objection of Appellant.
 {¶ 12} Although Appellant's counsel purported to waive, in writing, Appellant's right to a jury trial, the waiver was not signed by Appellant himself. In light of the holding in Pless, supra, and more recently State v. Reese, 106 Ohio St.3d 65, 2005-Ohio-3806,831 N.E.2d 983, stating that R.C. 2945.05 requires strict compliance, we cannot conclude that Appellant properly waived his right to trial by jury. R.C.2945.05 requires that such written waiver be "signed by the defendant," not merely by counsel. Thus, the trial court was without jurisdiction to conduct a bench trial. The State concedes this point exhibiting much candor that is appreciated by this court. As such, we find Appellant's first assignment of error has merit.
 {¶ 13} In light of our disposition of Appellant's first assignment of error, the issues raised in Appellant's second, third and fourth assignments of error have been rendered moot. Accordingly, Appellant's conviction and sentence are vacated and this matter is remanded to the trial court for further proceedings consistent with this opinion.
JUDGEMENT VACATED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE VACATED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.