[Cite as *State v. Barr*, 2010-Ohio-1258.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 14-09-40

    v.

NICOLE BARR,                        O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Marysville Municipal Court
Trial Court No. CRB 0900829

Judgment Affirmed

Date of Decision: March 29, 2010


APPEARANCES:

    *Alison Boggs*  for Appellant

    *Victoria Stone Moledor*  for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant Nicole R. Barr ("Barr") appeals the September 30, 2009 Judgment Entry of the Marysville Municipal Court finding her guilty of domestic violence in violation of R.C. 2919.25(A).

{¶2} This appeal arises out of the following set of circumstances. On July 19, 2009, at 1:35 a.m., two Union County Sheriff's Deputies, Deputy Phipps and Deputy Underwood, responded to a 9-1-1 call reporting a domestic altercation. Upon arriving to the scene, the Deputies completed a short investigation which revealed that the participants in the dispute were Barr and her longtime boyfriend, Ronald Little ("Little"). The argument between Barr and Little was sparked by the presence of a pet rabbit cage in the kitchen. Little wanted the animal to remain outside, while Barr insisted that the animal be kept in the garage.

{¶3} The disagreement escalated into a physical altercation which ended with Little receiving scratches across his chest as well as on the right side and the back of his neck. Deputy Phipps testified that Barr admitted, at the scene, to grabbing Little by the neck. However, she remained silent when asked about the cause of the abrasions on Little's chest. Barr was subsequently arrested and charged with domestic violence in violation of R.C. 2919.25(A) which states: "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶4} Barr retained counsel and the cause was set for a bench trial on September 21, 2009. On August 24, 2009, Barr's attorney, Mr. Gunner, filed a demand for a jury trial with the court. However, a week prior to the trial, Mr. Gunner signed and filed a waiver of a jury trial on behalf of Barr. The same week, Mr. Gunner also filed a motion to withdraw as Barr's counsel citing that Barr "did not honor her contract of employment" as the reason for requesting permission to withdrawal.

{¶5} On September 21, 2009, Barr appeared in court pro se. The trial court discussed the jury trial waiver filed by Mr. Gunner. The court then asked Barr if she still wanted to waive her right to a jury trial. Barr responded by stating "yes." The court then read the relevant language from the waiver of trial by jury form in open court and told Barr that she needed to sign the form in order for it to take effect. Barr subsequently signed the form. The court also approved Mr. Gunner's motion to withdrawal and then appointed Barr new counsel to further represent her in the matter. A bench trial was reset for September 30, 2009.

{¶6} Barr appeared in court for the trial represented by her new counsel. The prosecution offered the testimonies of Deputy Phipps and Deputy Underwood in support of its case. Barr testified as the sole witness on her behalf. At the close of the evidence, the trial court found Barr guilty stating that the evidence

supported beyond a reasonable doubt that Barr knowingly attempted to cause physical harm to a family or household member.

{¶7} Barr now appeals to this Court, asserting four assignments of error.

**ASSIGNMENT OF ERROR NO. 1**
**THERE WAS INSUFFICIENT EVIDENCE FOR THE TRIAL COURT TO FIND [APPELLANT] GUILTY OF DOMESTIC VIOLENCE**

**ASSIGNMENT OF ERROR NO. II**
**THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE**

**ASSIGNMENT OF ERROR NO. III**
**THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S CRIMINAL RULE 29 MOTION REGARDING THE LACK OF EVIDENCE**

**ASSIGNMENT OF ERROR NO. IV**
**APPELLANT WAS DEPRIVED HER CONSTITUTIONAL RIGHT TO A TRIAL BY JURY AFTER PROPERLY FILING A JURY DEMAND**

{¶8} For ease of discussion, we elect to discuss Barr's assignments of error out of order.

*The Fourth Assignment of Error*

{¶9} In her fourth assignment of error, Barr asserts that she was denied her constitutional right to a trial by jury. Specifically, Barr argues that her waiver of a jury trial did not comply with the statutory requirements set forth in R.C. 2945.05 and that she did not knowingly and voluntarily make the waiver.

Case No. 14-09-40

{¶10} Initially, we acknowledge that Barr, via her counsel, Mr. Gunner, properly demanded a jury trial pursuant to Crim. R. 23(A).[1] However, the record indicates that Mr. Gunner subsequently filed a waiver of jury trial which Barr later affirmed in open court at a pre-trial hearing. R.C. 2945.05 governs a defendant's waiver of a jury trial and states, in its entirety:

> **In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."**
>
> **Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.**

The Supreme Court of Ohio has construed R.C. 2945.05 to require five conditions to be met in order for a waiver to be validly imposed. The waiver must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5)

---

[1] Crim R. 23(A) states, in relevant part:
**In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.**

made in open court. See *State v. Lomax*, 114 Ohio St.3d 350, 353, 2007-Ohio-4277, 872 N.E. 2d 279.

{¶11} On September 21, 2009, the following dialogue transpired between the trial court and Barr at a hearing in open court:

> **PROSECUTION: * * *Your Honor, I'm not certain what the status is of the—there was a jury demand, your Honor. I'm not sure what the status of that—**
>
> **THE COURT: The jury demand was withdrawn, I believe. Let me look here.**
>
> **PROSECUTION: Your Honor, is there a jury waiver in the court's file?**
>
> **THE COURT: That's what I'm looking for. Yes. There is a waiver of trial by jury filed September the 16th. It was signed by Mr. Gunner. Is that what you want to do this morning—Ms. Barr? Do you want to give up your right to a trial by jury?**
>
> **BARR: Yes.**
>
> **THE COURT: [Bailiff], would you give me one of those forms. I'm going to have you sign a waiver of trial by jury this morning, Ms. Barr. And what this says is, I the undersigned defendant charged with one or more misdemeanor criminal and/or traffic offense, and having been—been advised of my right to have a trial by jury of eight person in this matter, do hereby knowingly, voluntarily—and voluntarily waive my right to such jury trial and consent to submit my case to the court without a jury. No promises or threats have induced me to waive this right. I wish this case to be heard at 8:30 a.m. It says on the date previously set for trial. But I'll need to have you sign off on that where I've placed the X, Ms. Barr. Your attorney has already entered a waiver of trial by jury in this case. And I'm going to allow Mr. Gunner to withdraw as you attorney.**

{¶12} While Barr concedes that she signed a written waiver in open court, she contends that the waiver was invalid because it was not filed and made part of the record. In *State v. Pless*, the Supreme Court of Ohio held that a trial court must strictly comply with the requirements set forth in R.C. 2945.05. *State v. Pless*, 74 Ohio St.3d 333, 337, 1996-Ohio-102, 658 N.E.2d 766. The Court further held that the statutory requirement that a jury waiver form be "filed in said cause and made part of the record thereof" means that the form must be time-stamped and included in the record. *State v. Thomas,* 97 Ohio St.3d 309, 314, 2002-Ohio-6624, 779 N.E.2d 1017.

{¶13} However, as noted by the *Thomas* Court, a trial court has been held to have retained jurisdiction to hold a bench trial where a jury waiver was physically located in the case file but had not been file-stamped. *Thomas*, 97 Ohio St.3d at 314 citing *State v. Otte*, 94 Ohio St.3d 167, 169, 2002-Ohio-343, 761 N.E.2d 34.

{¶14} In *State v. Otte*, the Court held that no *Pless* issue arose where there was evidence in the record that the signed waiver was included in the court's case file even though the waiver appeared to lack a contemporaneous file stamp. *Otte*, 94 Ohio St.3d at 169 citing *State ex rel. Larkins v. Baker*, 73 Ohio St.3d 658, 661, 1995-Ohio-144, 653 N.E.2d 701 (where the signed waiver was placed in the file but lacked a file-stamp, the court held that the trial court's failure to file-stamp the

waiver was not a jurisdictional defect). In *Otte*, the defendant signed the written waiver in open court. The waiver was then physically placed in the trial court's case file but did not receive a contemporaneous file-stamp. The *Otte* Court held that the lack of a file-stamp on the waiver did not divest the trial court jurisdiction to hold a bench trial because there was other evidence that the waiver was included in the trial court's case file. Specifically, the *Otte* Court was persuaded by the certification of the clerk of courts that the original waiver was physically included in the file.

{¶15} The facts of the instant case are identical to those in *Otte* and *Larkins,* supra. The original waiver of jury trial signed by Barr was physically placed in the trial court's case file but does not bear a contemporaneous file-stamp. Moreover, as in *Otte*, there is evidence before us that Barr's signed waiver was included in the trial court's case file. The Clerk for the Marysville Municipal Court prepared and submitted a certified "List of Documents Comprising Record" which identifies and enumerates Barr's signed waiver as document "34. Defendant's waiver of jury trial signed by defendant." The List of Documents bears the appropriate case caption and the corresponding case number which appears on the trial court's case file, 09 CRB 00829. In addition, the document also evinces the following certification:

**I hereby certify that the above List of Documents Comprising the Record is, to the best of my knowledge and belief, an accurate summary of the documents in the case file.**

> **Charles E. Crowley**
> **Clerk, Marysville Municipal Court**
> **/s/**

{¶16} Based on the foregoing authority of *Otte* and *Larkins*, we cannot say that the lack of a contemporaneous file-stamp on Barr's signed waiver divested the trial court jurisdiction to conduct a bench trial when the record indicates that waiver was physically included in the trial court's case file. Thus, the record provides sufficient evidence that Barr signed a written waiver in open court which was filed and made part of the record thereof. Therefore, based on the record before us, the trial court complied with the statutory requisites set forth in R.C. 2945.05 and as such it was appropriate for the court to proceed with a bench trial to adjudicate Barr's case.

{¶17} Alternatively, Barr also asserts that the waiver was ineffective because she did not knowingly or voluntarily sign the waiver. As the basis for this contention, Barr argues that she was unrepresented when she made the waiver and thus, did not have an adequate opportunity to confer with counsel immediately prior to making the waiver. The Supreme Court of Ohio has held that strict compliance with R.C. 2945.05 "is accomplished by establishing that a pro se defendant has an opportunity to consult with counsel at any time prior to waiving

her right to a jury trial." *State v. Reese*, 106 Ohio St.3d 65, 2005-Ohio-3806, 831 N.E.2d 983. Further, the *Reese* Court noted that "the reference to timing in the statute required only that the waiver is made *after* arraignment and *after* the opportunity to consult with counsel." *Reese*, 106 Ohio St.3d at 67 (emphasis in original).

**{¶18}** Our review of the record reveals that Barr was represented by counsel, Mr. Gunner, for almost a month prior to her signing the jury waiver. Moreover, Barr's case was set for a bench trial for three weeks until she retained Mr. Gunner to represent her. On August 24, 2009, Mr. Gunner signed and filed a jury demand on Barr's behalf. Three weeks later, Mr. Gunner filed a notice to withdraw the jury demand which the trial court subsequently asked Barr to affirm in open court. Moreover, the trial court appointed Barr new counsel at the hearing where she made her waiver of a jury trial. Barr's new counsel chose not to make another jury demand despite the option of withdrawing the waiver and/or renewing the demand at any time. Thus, the record demonstrates that Barr made her waiver after ample opportunity to consult with counsel. As such, we find that the record supports that Barr knowingly and voluntarily made her waiver of a jury trial.

### *The First, Second and Third Assignments of Error*

**{¶19}** Initially, we note that the analysis required for Barr's remaining assignments is interrelated. As such, we elect to discuss the first, second and third assignments of error together.

**{¶20}** In her remaining assignments of error Barr argues that the trial court erred in overruling her Crim. R. 29(A) motion for acquittal. Specifically, Barr asserts that there was insufficient evidence presented at trial to find her guilty of domestic violence and that the trial court's decision was against the manifest weight of the evidence. Therefore, we must examine whether there was sufficient evidence presented at trial for the court to have found Barr guilty of domestic violence and based on the evidence presented we must determine whether the trial court's decision was against the manifest weight of the evidence.

**{¶21}** The Supreme Court of Ohio has set forth a test to determine whether the evidence submitted in a trial was sufficient for the trier of fact to determine a crime had been proven beyond a reasonable doubt. See *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. In Jenks, the Court outlined the sufficiency of the evidence test as follows:

> **An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to**

**the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.**

*Id.* at paragraph two of the syllabus.

{¶22} In contrast, when reviewing whether the trial court's judgment was against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and examines the conflicting testimony. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. In doing so, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether "the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Adkins* (Sept. 24, 1999), Hancock App. No. 5-97-31, 1999 WL 797144, unreported, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717; *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541.

{¶23} In making this determination, the Supreme Court of Ohio has outlined eight factors for consideration, which include "whether the evidence was uncontradicted, whether a witness was impeached, what was not proved, that the reviewing court is not required to accept the incredible as true, the certainty of the evidence, the reliability of the evidence, whether a witness' testimony is self-serving, and whether the evidence is vague, uncertain, conflicting, or

fragmentary.*" State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23-24, 514 N.E.2d 394, citing *State v. Mattison* (1985), 23 Ohio App.3d 10, 490 N.E.2d 926, syllabus. Ultimately, however, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717.

**{¶24}** In the present case, the trial court convicted Barr of domestic violence under R.C. 2919.25(A), which provides in pertinent part:

> **(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.**
> **...**
> **(F) As used in this section and sections 2919.251 and 2919.26 of the Revised Code:**
>
> **(1) "Family or household member" means any of the following:**
> **(a) Any of the following who is residing or has resided with the offender:**
> **(i) A spouse, a person living as a spouse, or a former spouse of the offender;**
> **...**
> **(2) "Person living as a spouse" means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question.**

**{¶25}** The burden is on the prosecution to establish beyond a reasonable doubt both elements of the offense: that Barr caused or attempted to cause physical harm to Little, and that Little was a family or household member.

{¶26} It is undisputed by the parties that Barr and Little cohabitated within the purview of the statute. Barr and Little maintained a long-term relationship of several years. The couple resided together in the same household with their three children. Therefore, Little clearly satisfies the requisite definition of being a family or household member under the statute.

{¶27} However, Barr argues that the prosecution presented insufficient evidence that she knowingly caused or attempted to cause physical harm to Little. Physical harm includes "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). Further, under R.C. 2901.22(B), someone acts knowingly, "regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." The accused does not have to commence a series of actions with the intent to act knowingly: if he was aware that the result from his actions was probable, then the person has acted knowingly. *Id.*; *State v. Wenger* (1979), 58 Ohio St.2d 336, 339, 390 N.E.2d 801. When a person acts knowingly, "[m]otive, purpose, or mistake of fact is [of] no significance." *Wenger* at 339, 390 N.E.2d 801.

{¶28} Here, there is sufficient evidence that Barr knowingly caused physical harm to Little. At trial, the prosecution offered the testimony of the two Deputies who responded to the initial 9-1-1 call. Deputy Phipps testified that upon

arriving to the home that Barr and Little shared with their children, he noticed abrasions across Little's chest and neck. As part of his investigation, the Deputy took Barr aside to inquire about what events had occurred prior to the arrival of law enforcement. Deputy Phipps testified that Barr admitted to engaging in a struggle with Mr. Little over the rabbit cage, and that Barr further admitted that she grabbed Little by the neck causing the scratch marks. In addition, photographs taken from the scene by Deputy Phipps were admitted into evidence which clearly depicted scratches across Little's neck and chest.

{¶29} Barr testified on her own behalf. She stated that her youngest son brought the rabbit cage into the kitchen which sparked an argument with Little. Barr further testified that when she saw Little begin to pick up the rabbit cage to place it outside, she immediately grabbed the other end of the cage. A struggle ensued between Barr and Little with each one holding onto the rabbit cage. Barr testified that the rabbit cage caused the abrasions across Little's mid-section, but she denied causing the marks on Little's neck.

{¶30} Clearly, there was evidence to support that Barr knowingly engaged in the physical struggle with Little over the rabbit cage—the conduct which resulted in Little receiving his injuries. Thus, a reasonable trier of fact could find that Barr was aware that by engaging in a heated tug-of-war with a rabbit cage, she was about to make some physical contact with Little, and that doing so would

probably cause him physical harm. Accordingly, there was sufficient evidence for the trial court to find that the essential elements of domestic violence were proven beyond a reasonable doubt.

{¶31} Moreover, we cannot conclude that the trial court clearly lost its way or created such a manifest miscarriage of justice that Barr's conviction must be reversed. Here, the trial court, as finder of fact, was best able to view the witnesses and judge their credibility. Although Barr maintained at trial that she did not cause injury to Little, there was no other evidence in the record to contradict the testimony and physical evidence presented by the prosecution. Furthermore, the trial court specifically stated at trial that Barr's "credibility is somewhat suspect." Based on the foregoing, the conclusion that Barr caused physical harm to Little was not against the manifest weight of the evidence.

{¶32} Accordingly, Barr's first, second and third assignments of error are also overruled. And for all these reasons, the Judgment of the Marysville Municipal Court of is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**