[Cite as *Toledo v. Myers*, 2018-Ohio-5286.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio/City of Toledo              Court of Appeals Nos. L-18-1088
                                                                L-18-1089
      Appellee

                                          Trial Court Nos. CRB-16-17250
v.                                                         CRB-17-05670

Benjamin Keith Myers                      **DECISION AND JUDGMENT**

      Appellant                          Decided: December 28, 2018

* * * * *

David Toska, Chief Prosecutor, for appellee.

Robert P. Soto, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} In this consolidated accelerated appeal, defendant-appellant, Benjamin K.

Myers, appeals the April 25, 2018 judgment[1] of the Toledo Municipal Court convicting

---

[1] Myers's convictions and sentences were journalized on March 19, 2018. It is unclear
why a new judgment entry was filed on April 25, 2018. Myers filed proper notices of
appeal from both judgments.

him of two counts of menacing by stalking and one count of telecommunications harassment. For the reasons that follow, we reverse.

## I. Background

{¶ 2} On March 19, 2018, following a bench trial, Benjamin K. Myers was convicted in Toledo Municipal Court case No. CRB-16-17250 of (1) menacing by stalking—engaging in a pattern of conduct, a violation of R.C. 2903.211(A)(1), a first-degree misdemeanor, and (2) telecommunications harassment, a violation of R.C. 2917.21(B), also a first-degree misdemeanor. On that same date, in Toledo Municipal Court case No. CRB-17-05670, Myers was also convicted of menacing by stalking—electronic or written means, a violation of R.C. 2903.211(A)(2)(a), a first-degree misdemeanor. These convictions arose from his alleged stalking and harassment of N.K., a woman he met at the Ohio State University in 2008, and her current boyfriend, M.J.

{¶ 3} The case was first set for trial on January 30, 2018. It was reset for February 21, 2018. Myers filed a jury demand on February 9, 2018. Because of the jury demand, the February 21, 2018 trial date was converted to a "jury pretrial conference," and the jury trial was scheduled for March 19, 2018.

{¶ 4} Myers and the victims appeared for the February 21, 2018 jury pretrial conference, and the attorneys represented to the court that they were close to resolving the case. Defense counsel represented to the court that the jury demand would be "vacated" for the time being, and if no resolution was reached, it could be reasserted.

2.

The March 19, 2018 court date was confirmed, but the court instructed the victims that they were not required to appear.

{¶ 5} On March 19, 2018, both Myers and the victims appeared for court. Initially, the attorneys told the court that a resolution had been reached. But unexpectedly, Myers announced that he was going to proceed pro se, and he distributed a motion to dismiss for lack of speedy trial, which he prepared himself. His attorney asked to withdraw, and the court allowed it, but it insisted that the case would be tried that day. Myers advised the court that he wished to try his case to a jury.

{¶ 6} Much discussion and debate was devoted to the issue of whether there was any merit to Myers's speedy-trial argument. After ultimately denying his motion to dismiss, the court stood firm in requiring that the case be tried that day. The court summoned an attorney from the public defender's office to sit at counsel's table with Myers and to act as an "advisor."

{¶ 7} N.K., M.J., and Myers testified. The trial court acquitted Myers of two charges that had been brought in a third case—Toledo Municipal Court case No. CRB-17-05669—but found him guilty of the charges in case Nos. CRB-16-17250 and CRB-17-05670. The court sentenced Myers to 166 days at the Corrections Center of Northwest Ohio on the menacing-by-stalking conviction in case No. CRB-16-17250; 180 days on the telecommunications-harassment conviction in case No. CRB-16-17250; and 180 days on the menacing-by-stalking conviction in case No. CRB-17-05670, with 90

3.

days suspended, and five years' probation.  The sentences were ordered to be served consecutively.

{¶ 8} Myers appealed and assigns the following errors for our review.

**FIRST ASSIGNMENT OF ERROR**

THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY DENYING HIS RIGHT TO A JURY TRIAL[.]

**SECOND ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING OBTAIN [sic] A KNOWING AND INTELLIGENT WAIVER OF COUNSEL[.]

**THIRD ASSIGNMENT OF ERROR**

THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW AND ABUSED ITS DISCRETION IN IMPOSING A SENTENCE[.]

**FOURTH ASSIGNMENT OF ERROR**

THE GUILTY VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE[.]

**FIFTH ASSIGNMENT OF ERROR**

THE TRIAL COURT VIOLATED APPELLANT'S SPEEDY TRIAL RIGHTS[.]

## II. Law and Analysis

{¶ 9} In his first assignment of error, Myers argues that his convictions must be reversed because the trial court violated his right to a jury trial. Because we find this issue to be dispositive, it is the only one we will address.

{¶ 10} Article I, Section 10 of the Ohio Constitution and R.C. 2945.17 afford criminal defendants the right to a trial by jury except for in the case of a minor misdemeanor or a violation for which there is no potential for a prison or jail term and the possible fine does not exceed $1,000. For "petty offenses," such as the offenses at issue here, Crim.R. 23(A) provides that trial shall be by the court unless the defendant files a written demand for a jury trial ten days before trial or three days after receiving notice of the trial date, whichever is longer:

> In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto. Crim.R. 23(A).

The failure to comply with Crim.R. 23(A) constitutes a waiver of a jury trial. *State v. Palacios*, 6th Dist. Erie No. E-16-071, 2017-Ohio-8674, ¶ 11.

5.

**{¶ 11}** Myers and the city do not dispute these general principles. Their dispute centers around whether Myers was required to file a written jury demand on March 9, 2018—ten days before the March 19, 2018 "trial" date. Resolution of this issue requires a review of the transcript of the February 21, 2018 "jury pretrial conference."

**{¶ 12}** At the February 21, 2018 pretrial, the following exchange took place:

The court: Going on the record with Benjamin Myers. There are three matters here. I will note for the record that the alleged victims are present and the Defendant is present with his attorney.

Just noted for the record that the alleged victims are present. My understanding is we're close to a resolution in this case. Currently, we have a – well, this says 3/19. So that would be Monday.

[Defense counsel]: That would be that Monday.

The court: So my understanding is you're going to vacate the jury demand but confirm the 3/19 date.

[Defense counsel]: That's correct, Your Honor. And if we're unable to work it out, I've advised my client we could always put the jury demand back on.

The court: And is that okay with your victims?

[The city]: It is, Your Honor. The discussion we had at the bench concerned whether or not the victims need to be present. I believe that they want to be here. If there is finality and a plea arrangement, then I would

want them to be here for that. *If we can't resolve this and we have to confirm a jury date, I want them to be there to have input as to what the jury date can be and how it affects their schedule.*

The court: I will let you know that I am not going to hold it against you if you don't come on the 19th. In other words, if he came in and said, well, I want to dismiss it because they're not here, I'm not going to grant that, okay. So in the event that you talk with [the city's attorney] and you decide that you'd like to have something in writing, a statement instead of coming in and speaking on the record in the event that we get that plea done, I am okay with all of that because I know that you have been here at every court proceeding. And I know [defense counsel] probably wouldn't even ask to dismiss it because so on and so forth. So in the event that you have a problem, talk to [the city's attorney] ahead of time, okay.

[M.J.]: Yes.

The court: March 19th, courtroom 7. I will do AC for trial date, but March 19th, courtroom, 9:00 a.m., and vacate the jury demand.

[Defense counsel]: Thank you, Your Honor.

The court: Okay, thank you.

(Emphasis added.)

{¶ 13} Myers argues that three things were made clear at the February 21, 2018 pretrial: "(1) that a resolution was *possible,* but might not be reached on March 19, 2018,

7.

(2) that the defendant could renew his jury demand if a resolution was not reached on March 19, 2018, and (3) that March 19, 2018 was not a 'firm' trial date." He claims that a reasonable person would interpret this exchange to mean that on March 19, 2018, he would either enter a plea or he would reject the plea, renew his jury demand, and schedule the matter for a jury trial.

{¶ 14} The city agrees that these three things were clear, but it claims that "the conclusions drawn by Appellant are incomplete." While it agrees that March 19, 2018 was not a firm trial date, it maintains that *only the city* had leave to seek a continuance of the trial date if it was inconvenient for the victims. "Appellant," it insists, "had no such leave." It contends that Myers had three options: (1) accept the plea offer, (2) assert a jury demand by March 9, 2018, and proceed to a jury trial on March 19, 2018, or (3) proceed to a bench trial that day. The city maintains that by not electing one of the first two options, Myers was left with the third option.

{¶ 15} The trial court took the position that Myers knew that he had to either enter a plea or go forward to trial on March 19, 2018. Moreover, because Myers had prepared his own pro se motion to dismiss, the court was convinced that he knew well in advance that he planned to fire his attorney, therefore, he should have filed a renewed jury demand in time for the March 19, 2018 trial date. The court told Myers that had he advised the court and the city that he intended to fire his attorney and file his own motions, they could have "stopped wasting the time of the alleged victims and of the

8.

State" and converted the March 19, 2018 trial date into a pretrial date to give him time to do these things. The court characterized Myers's conduct as "gamesmanship."

{¶ 16} We understand the court's frustration with Myers's sudden manner of discharging his attorney, and we appreciate its concern with the inconvenience caused to the victims and the city. Nevertheless, we agree with Myers that his right to a jury trial was violated when the court required him to try his case to the bench. We reach this conclusion for two reasons.

{¶ 17} First, our review of the transcript of the discussion at the February 21, 2018 pretrial leads us to conclude that it was not at all clear that the case was going to proceed to trial on March 19, 2018, if no resolution was reached. Rather, we interpret the discussion as Myers does: if he did not enter a plea, a new date would be set for a jury trial. The city's attorney clarified this: "*If we can't resolve this and we have to confirm a jury date, I want* [the victims] *to be there to have input as to what the jury date can be and how it affects their schedule.*"

{¶ 18} Second, we conclude that Myers never effectively withdrew his February 9, 2018 jury demand. R.C. 2945.05 sets forth the procedure for waiving a jury trial and provides, in pertinent part, as follows:

Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows:

9.

"I . . . . . . . ., defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

{¶ 19} Numerous Ohio cases have recognized that "[o]nce the demand for a jury trial has been filed in a petty offense case, the trial judge may not proceed to try the defendant without a jury unless the defendant makes a knowing, voluntary, and intelligent waiver of his right to a jury trial, and that waiver is made a part of the record pursuant to R.C. 2945.05." *State v. Pflanz*, 135 Ohio App.3d 338, 339, 733 N.E.2d 1212 (1st Dist.1999). *See also State v. Dengg*, 11th Dist. Portage No. 2008-P-0063, 2009-Ohio-4101, ¶ 26 ("[Defendant] filed a timely, written demand for a jury trial pursuant to Crim.R. 23. The record contains no written waiver of his right to a jury trial. Accordingly, the trial court erred in conducting a bench trial."); *State v. Howell*, 1st Dist. Hamilton Nos. C-160679, C-160680, 2017-Ohio-7182, ¶ 11 ("Defendant filed a timely written jury demand. Consequently, he could not be tried without a jury unless he filed a written waiver of the jury demand in accordance with R.C. 2945.05."); *State v. Scoles*, 5th Dist. Licking No. 17-CA-49, 2018-Ohio-1149, ¶ 27 (finding that defendant was

10.

denied his right to trial by jury when court rejected previous jury demands and tried case to bench without complying with R.C. 2945.05). Moreover, some courts also have noted that to comply with R.C. 2945.05, the court must personally address the defendant. *Scoles* at ¶ 27. The Ohio Supreme Court has emphasized on numerous occasions that R.C. 2945.05 "is clear and unambiguous and requires strict compliance." *State v. Reese*, 106 Ohio St.3d 65, 2005-Ohio-3806, 831 N.E.2d 983, ¶ 9

{¶ 20} Here, Myers made a proper jury demand on February 9, 2018. While defense counsel represented to the court at the February 21, 2018 hearing that Myers was withdrawing his jury demand, the court did not personally address Myers and no written waiver appears in the record. We, therefore, find that Myers's jury demand was never properly withdrawn. It was error for the trial court to require Myers to try his case to the court on March 19, 2018.

{¶ 21} Accordingly, we find Myers's first assignment of error well-taken.

### III. Conclusion

{¶ 22} The parties' dialogue with the court on February 21, 2018 reflects that a new date for a jury trial would be scheduled if a plea agreement was not reached on March 19, 2018. Moreover, Myers made a written jury demand on February 9, 2018, that was never properly withdrawn under R.C. 2945.05. Accordingly, we agree with Myers that his right to a jury trial was violated. We, therefore, find his first assignment of error well-taken. In light of our resolution of his first assignment of error, it is unnecessary to address his remaining assignments of error.

11.

{¶ 23} We reverse the April 25, 2018 judgment of the Toledo Municipal Court, and remand this matter for further proceedings. The costs of this appeal are assessed to the city under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     

Arlene Singer, J.     

Christine E. Mayle, P.J.     
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.