[Cite as *State v. Bentley*, 2022-Ohio-1099.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

       Plaintiff-Appellee,

- v -

BRIAN E. BENTLEY,

       Defendant-Appellant.

CASE NOS. 2021-L-089
2021-L-090

Criminal Appeals from the
Painesville Municipal Court

Trial Court Nos. 2020 CRB 1832 A
2020 CRB 1832 B

**O P I N I O N**

Decided: March 31, 2022
Judgment: Reversed and remanded

*Joseph Hada*, Madison Township Prosecutor, 1392 SOM Center Road, Mayfield Heights, OH 44124 (For Plaintiff-Appellee).

*Sean P. Martin*, 113 North Chestnut, Suite A, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}  Defendant-appellant, Brian E. Bentley, appeals from the judgment of the Painesville Municipal Court, finding him guilty of Assault.  For the following reasons, we reverse Bentley's conviction and remand this matter for further proceedings consistent with this opinion.

{¶2}  On September 10, 2020, a Complaint was filed in the Painesville Municipal Court, alleging that Bentley had committed the offenses of Aggravated Trespass, a misdemeanor of the first degree, in violation of R.C. 2911.211(A), and Assault, a

misdemeanor of the first degree, in violation of R.C. 2903.13(A). He entered a plea of not guilty.

{¶3} On December 14, 2020, Bentley filed a Demand for Trial by Jury, which stated: "On examination of the complaint made [o]n behalf of the State against me[,] I hereby demand a Trial by Jury." On February 1, 2021, counsel entered a notice of appearance on behalf of Bentley. The matter was set for a jury trial, which was subsequently continued. On March 8, 2021, a pretrial hearing was held and the court set the matter for jury trial on April 23, 2021. On April 19, 2021, the court entered a note on the docket stating "Set for Bench trial May 10, 2021."

{¶4} A bench trial was held on May 10 and June 2, 2021. At the trial, testimony was presented that there was an argument between Shawna Adkins and Bentley regarding a conflict between their children. According to Adkins, during this argument Bentley hit her in the left eye, leading to ongoing problems with her vision. Bentley testified that Adkins struck him in the eye first which led to his act of hitting her.

{¶5} At the conclusion of the trial, the court stated "I don't think [Bentley's] at fault for the aggravated trespass because I don't think he went there initially to be an aggravated trespasser, but he's certainly guilty of the assault." In a form Judgment Entry, the following, with certain language circled, crossed out, or underlined, was included: "The defendant * * * entered a plea of guilty/no contest: (was found guilty after (jury) trial) to the charges of: AGGR. TRESPASS M1   ASSAULT M1. The defendant is hereby found guilty of those charges. The remaining charges are dismissed at the request of the

2

State."[1]  The court sentenced Bentley to serve a term of incarceration of 180 days, with 90 days to be served on house arrest.  The sentence was stayed pending appeal.

{¶6}  Bentley timely appeals and raises the following assignments of error:

{¶7}  "[1.] Appellant's conviction fell against the manifest weight of the evidence.

{¶8}  "[2.] The Appellant never waived his right to a jury trial."

{¶9}  We will first address the second assignment of error as it is dispositive of the appeal.  In his second assignment of error, Bentley argues that the record does not demonstrate he waived his right to a jury trial and, therefore, the court was not permitted to conduct a bench trial.

{¶10}  Pursuant to Crim.R. 23(A), "[i]n petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial.  Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later.  Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

{¶11}  This case involved petty offenses, i.e., misdemeanors for which the penalty is not more than six months.  Crim.R. 2(C) and (D).  Further, there was a right to a jury trial pursuant to R.C. 2945.17 since the offenses were first-degree misdemeanors for

---

1. We note some inconsistencies between the entry and the facts of the case.  The form entry correctly indicates a finding of guilt was made after a trial but also references a guilty plea which did not occur in this case.  Further, "Aggravated Trespass" is crossed out without an indication of a finding of acquittal and a form note is included that remaining charges were dismissed by the State, although at the conclusion of the trial, the court indicated there was not sufficient evidence to prove Aggravated Trespass.  Since the required components of a final entry appear to be present, these errors/inconsistencies are not raised by Bentley, and, as will be further explained, reversal is necessary due to another error, we decline to address this issue sua sponte except to observe that it appears double jeopardy has attached for the purposes of the Aggravated Trespass charge.

3

which Bentley faced a penalty of incarceration. Thus, pursuant to Crim.R. 23(A), Bentley was to be tried by the court unless he demanded a jury trial in writing filed with the clerk in compliance with the time requirement. Bentley timely filed his demand for a jury trial soon after he was charged and well in advance of the trial date. Thus, he did not waive the right to a jury trial through failure to demand such a trial.

{¶12} "[W]here a defendant in a petty offense case has a right to trial by jury and pleads not guilty and demands a jury trial in the manner provided by Crim.R. 23(A), it must appear of record that such defendant waived this right in writing *in the manner provided by R.C. 2945.05*, in order for the trial court to have jurisdiction to try the defendant without a jury." (Emphasis sic.) *State v. Pless*, 74 Ohio St.3d 333, 338, 658 N.E.2d 766 (1996), citing *State v. Tate*, 59 Ohio St.2d 50, 391 N.E.2d 738 (1979), syllabus. R.C. 2945.05 provides that a waiver of a jury trial "shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." R.C. 2945.05. "The requirements of R.C. 2945.05 are clear and unambiguous" and "[i]n the absence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *Pless* at 337, 339; *State v. Reese*, 106 Ohio St.3d 65, 2005-Ohio-3806, 831 N.E.2d 983, ¶ 9.

{¶13} There is nothing in the record to demonstrate that Bentley waived his right to a jury trial following his request for such a trial. The trial transcript does not reveal any discussion of the waiver of the right to a jury trial. While prior hearings where this could have been discussed are not transcribed, it is noteworthy that, following the March 8, 2021 pretrial, the matter was set for a jury trial on April 23 and then a notation was included on the docket on April 19 setting the matter for a bench trial. There is no record

4

showing that any hearings or pretrial meetings occurred following March 8 where Bentley may have waived the right to a jury trial. Nonetheless, even if there was an oral agreement or discussion of his waiver of such right, the record demonstrates a lack of compliance with R.C. 2945.05's requirement to have a written waiver that is filed and made part of the record. Such a failure deprives the trial court of jurisdiction to conduct a bench trial. *Reese* at ¶ 9; *State v. Dengg*, 11th Dist. Portage No. 2008-P-0063, 2009-Ohio-4101, ¶ 23-26 (where the defendant was charged with a misdemeanor offense, filed a timely, written demand for a jury trial, and the record contained no written waiver of his right to a jury trial, the court erred in conducting a bench trial).

{¶14} In circumstances where a bench trial is held and the right to a jury trial has not been waived, the proper remedy is to reverse the conviction and remand for a new trial. *State v. Downs*, 11th Dist. Ashtabula No. 2004-A-0084, 2005-Ohio-4646, ¶ 14-16 (conviction for DUI reversed and case remanded for a new trial where the defendant never waived his right to a jury trial, rendering the court without jurisdiction); *Pless* at 339-340. We observe that, on remand, Bentley "has the right to a jury trial unless he waives the right and there is strict compliance with R.C. 2945.05." *Pless* at 340.

{¶15} The second assignment of error is with merit.

{¶16} In his first assignment of error, Bentley argues that his conviction for Assault was against the manifest weight of the evidence since he was acting in self-defense.

{¶17} Since we have determined that reversal is required due to the failure to comply with the requirements for waiving a jury trial, the manifest weight of the evidence issue is moot. *State v. Hall*, 11th Dist. Portage No. 2002-P-0048, 2003-Ohio-1979, ¶ 46

5

Case Nos. 2021-L-089, 2021-L-090

(where conviction is reversed on procedural grounds and the matter is remanded for a new trial, a manifest weight argument is moot).

{¶18} The first assignment of error is moot.

{¶19} For the foregoing reasons, we reverse Bentley's conviction for Assault and remand to the lower court for a new trial. Costs to be taxed against appellee.


MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

6