JOURNAL ENTRY AND OPINION
{¶ 1} After a bench trial, the trial court found appellant, Leo Barnes ("Barnes"), guilty of assault on a peace officer and sentenced him to nine months in prison.[1] Barnes now appeals, citing three assignments of error.
 I {¶ 2} For his first assignment of error, Barnes argues that he was denied due process of law when the trial court accepted an invalid waiver of jury trial. In particular, Barnes contends that his waiver was not knowingly, voluntarily, or intelligently given because he did not have the opportunity to consult with counsel. However, upon review of the record, Barnes' contention lacks merit.
 {¶ 3} R.C. 2945.05 provides in full as follows:
 {¶ 4} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: `I . . . . . . . ., defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'
 {¶ 5} "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."
 {¶ 6} Despite the written, signed waiver of jury trial filed in the case, Barnes argues that the record demonstrates that he did not have the opportunity to consult with counsel prior to waiving his right to a jury trial. In response to the trial court's question if he talked with his counsel about the waiver, Barnes replied as follows:
 {¶ 7} "No, I haven't but she expressed that means that I will not have people, that I will not have people here at the jury."
 {¶ 8} Although Barnes replied in the negative, he continued to state that his counsel expressed to him that there would be no jury if he waived his right to a jury trial. As the Ohio Supreme Court held in State v. Reese, 106 Ohio St.3d 65,2005-Ohio-3806, ¶ 18, 831 N.E.2d 983, R.C. 2945.05 requires only that Barnes have the opportunity to consult with counsel. TheReese court explained that "the record need not necessarily contain an actual discussion between an attorney and defendant, nor a discussion between attorney and judge regarding a discussion between attorney and defendant." Id. Indeed, all that needs to be demonstrated on the record is that Barnes had the "opportunity to consult" with his attorney. Id. Barnes stated that his counsel "expressed" to him that there would be no jury if he waived his right to a jury trial; thus, the record demonstrates that he had the required "opportunity" to consult with his counsel. As a result of a valid waiver, Barnes' first assignment of error is overruled.
 II {¶ 9} For his second assignment of error, Barnes contends that his conviction is against the manifest weight of the evidence. However, Barnes' contention lacks merit.
 {¶ 10} Patrolman Mark Kaye ("Kaye") testified that he was called to the scene of a hit-and-run accident in Garfield Heights. He discovered that the car that left the scene of the accident was a red SUV and that the license plate of the red SUV was registered to Barnes. Kaye, along with police officers Thomas Murphy ("Murphy") and David Bailey ("Bailey"), went to Barnes' house to investigate. Bailey observed a red SUV in the driveway with a damaged front-end and leaking fluid. The officers knocked on the door and Barnes' mother answered. The officers asked for Barnes, Barnes came onto the porch, and he acknowledged he was involved in an accident. According to the officers, Barnes was sweaty and highly intoxicated. Murphy informed Barnes that he would be placed under arrest and moved to place Barnes in handcuffs. Barnes resisted and attempted to punch Murphy in the face. Instead of hitting Murphy's face, Barnes hit and scratched his neck. The officers were unable to get a firm grip on Barnes and, ultimately, had to tackle him to restrain him. As a result, Barnes was charged with assault on a peace officer and felonious assault.
 {¶ 11} Barnes argues that his conviction for assault is against the manifest weight of the evidence because he was intoxicated and the testimonies of the police officers suggest, at best, that Barnes only attempted to swing at Murphy. It cannot be said, however, that the trial court clearly lost its way in finding Barnes guilty of assault, as he knowingly caused or attempted to cause physical harm to the police officer when he swung at Murphy's face, missed, and hit and scratched his neck. See R.C. 2903.13(A). There is no miscarriage of justice when the trial court's judgment of conviction is based on the overwhelming evidence presented at trial. Thus, Barnes' second assignment of error is overruled.
 III {¶ 12} Finally, Barnes argues, in his third assignment of error, that he was denied the effective assistance of counsel when his counsel allowed him to waive a jury trial without consultation, failed to object to Bailey's testimony that he too was injured in the scuffle, and argued that Barnes' intoxication negated the requisite intent for assault. Barnes' arguments lack merit.
 {¶ 13} First, as addressed by this court in section I of this opinion, Barnes was not denied the effective assistance of counsel when he had the opportunity to consult with his counsel prior to waiving his right to a jury trial.
 {¶ 14} Second, Barnes' counsel objected to Bailey's testimony that he was also injured in the struggle to restrain Barnes, but the trial court overruled the objection. It cannot be argued that Barnes' counsel was deficient for failing to object when, in fact, she objected to the testimony.
 {¶ 15} Finally, the argument that Barnes was intoxicated at the time of the assault was purely a tactical one made by Barnes' counsel during closing argument. While it may not have had the desired effect on the trial court, Barnes' counsel's argument was not deficient or prejudicial in the sense that it would have changed the outcome of the case had it not been made. Because Barnes' arguments do not meet the two-part test in Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674, his third assignment of error is overruled and his conviction of assault on a peace officer is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and McMonagle, J., concur.
[1] The trial court also found Barnes not guilty of felonious assault, as charged in the indictment.