[Cite as *Ashland v. Francis*, 2017-Ohio-8525.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| CITY OF ASHLAND | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 17-COA-007 |
| | : | |
| JONATHAN FRANCIS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Ashland Municipal
                            Court, Case No. 16-CRB-00958 A-C



JUDGMENT:                   AFFIRMED




DATE OF JUDGMENT ENTRY:     November 9, 2017




APPEARANCES:

For Plaintiff-Appellee:              For Defendant-Appellant:

ANDREW N. BUSH                       JOHN ANTHONY POWERS
1213 E. Main St.                     20525 Center Ridge Road, Ste. 612
Ashland, OH 44805                    Rocky River, OH 44116

*Delaney, P.J.*

{¶1}　Appellant Jonathan Francis appeals from the February 16, 2017 judgment entry of the Ashland Municipal Court.　Appellee is the city of Ashland.

**FACTS AND PROCEDURAL HISTORY**

{¶2}　Appellant's mother, Emmalean Quinn, is married to Leonard Quinn but the two are separated.　They live near each other on Myers Avenue in Ashland: Leonard lives on the property that also houses his business, T & L Automotive and Towing, and Emmalean lives across the street in a house with appellant, his wife, and two children.

{¶3}　On August 27, 2016, between two and four in the afternoon, an argument arose between Emmalean, appellant, and Leonard.　Leonard remained on his own property and Emmalean and appellant stood in the roadway.　Accounts differed as to the source of the argument, but appellant said some tires on Leonard's property belonged to him and Leonard told appellant to take them.　Appellant took the tires back to his own property but the argument resumed.

{¶4}　Another neighbor and friend of Leonard, Toby Shire, heard the argument and came outside to see what was going on.　Shire witnessed the ensuing events.

{¶5}　At some point appellant picked up a piece of lumber, described as a "2 by 6," and swung or brandished it in Leonard's direction, threatening "I oughta….knock [Leonard's] block off" (T. 26, 109).　Appellant put the 2 by 6 down, went back inside his house, and emerged a few minutes later with a large aluminum flashlight that "looked like a baseball bat" (T. 31).　The argument resumed and appellant brandished the flashlight, then returned to the house.

{¶6} Appellant reemerged from the house and said "If I am going to go to jail, I am going to jail for something worthwhile" (T. 32, 45). Appellant got into his Avalanche truck which was parked on his own property and spun out as he pulled out of his yard, accelerating fast. He had to stop and back up because another car was in the road, but then drove around his mother and into the gravel parking lot of Leonard's shop. Shire stood 10 to 12 feet away from Leonard and Leonard shouted at him to get out of the way. Appellant drove the truck at Leonard, who put his arms up. The front headlight and grille of the truck struck Leonard lightly but enough to knock him back a few feet. Shire described him "bounc[ing] off the front of the truck" (T. 36).

{¶7} Appellant pulled out of the parking lot, drove the truck back across the street, parked and went into the house. Leonard went into his garage to call police.

{¶8} Lt. Steven Hoover of the Ashland Police Department was the first officer at the scene to speak to Leonard and Shire. Other officers attempted to speak to appellant but he wouldn't come out of the house. Hoover determined appellant would be arrested for assault, possession of criminal tools, and reckless operation. A tow truck arrived to seize the Avalanche, at which time appellant emerged from the house and told police to leave his truck alone.

{¶9} Hoover asked appellant to talk to him but appellant refused, although he complied when Hoover told him he was under arrest. Hoover Mirandized appellant and he admitted he drove the truck at Leonard because he "wanted to prove to him that the brakes were bad" (T. 63). Appellant denied that the truck made contact with Leonard.

{¶10} Emmalean testified as a defense witness at trial. She acknowledged the threats and arguments leading up to the incident with the truck. She further

acknowledged that appellant "came around at Leonard" in the truck, but he stopped (T. 110). Emmalean said she did not believe Leonard was struck. After the incident she went into her house and refused to speak to police until after her son was arrested. When asked by police whether the truck actually struck Leonard, she responded, "I doubt it, but if it did, then the truck barely touched him" (T. 115).

*Criminal Charges, Trial, and Conviction*

{¶11} Appellant was charged by criminal complaint with one count of assault pursuant to R.C. 2903.13(A) and one count of possession of criminal tools pursuant to R.C. 2923.24, both misdemeanors of the first degree.[1] Appellant entered pleas of not guilty and the matter proceeded to trial by jury on February 16, 2017. Appellant moved for a judgment of acquittal at the close of appellee's evidence; the motion was overruled. Appellant was found guilty as charged and the trial court imposed a jail term of 180 days with 120 days suspended on various conditions, plus fines and costs.

{¶12} Appellant now appeals from the February 16, 2017 judgment entries of his convictions and sentence.

{¶13} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶14} "I. APPELLANT'S CONVICTIONS FOR ASSAULT AND POSSESSING CRIMINAL TOOLS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AS REQUIRED BY DUE PROCESS."

---

[1] One count of reckless operation is not in the record before us, but that count was tried to the bench during the jury trial and appellant was also found guilty of reckless operation.

{¶15} "II. APPELLANT'S CONVICTIONS FOR ASSAULT AND POSSESSING CRIMINAL TOOLS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**ANALYSIS**

I., II.

{¶16} Appellant's two assignments of error are related and will be considered together. Appellant argues his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. We disagree.

{¶17} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶18} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must

be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶19} R.C. 2903.13(A), assault, states: "No person shall knowingly cause or attempt to cause physical harm to another * * *."   R.C. 2923.24(A), possession of criminal tools, states: "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."

{¶20} Appellant argues there is insufficient evidence in the record to support his assault conviction because he did not act "knowingly" in driving the truck at Leonard and didn't want to hurt him, only to scare him.  We first note the fact that Leonard didn't sustain any physical injury is immaterial.  R.C. 2903.13(A) does not require that a defendant cause physical harm; it also prohibits individuals from attempting to cause physical harm to another. *State v. Belcher*, 2nd Dist. Montgomery No. 24968, 2013-Ohio-1234, ¶ 57 [testimony of victim that defendant attempted to hit her and swung at her satisfies requirements for assault conviction].  See also, *State v. Varner*, 11th Dist. Ashtabula No. 2002–A–0083, 2004-Ohio-2790, ¶ 31; *State v. Barnes*, 8th Dist. Cuyahoga No. 87392, 2006-Ohio-5436, ¶ 11.

{¶21} Appellant contends he did not intend to injure Leonard, thus he did not have the requisite culpable mental state to sustain a conviction for assault. A person acts knowingly, regardless of purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. *State v. Miller*, 96 Ohio St.3d 384, 2002-Ohio-4931, at ¶ 31. "'Probably' is defined as 'more likely than not' or a greater than

fifty percent chance." *Miller v. Paulson*, 97 Ohio App.3d 217, 222, 646 N.E.2d 521(10th Dist.1994). The probable result of driving a truck "at Leonard" in the manner described by Leonard, Shire, and even Emmalean was that Leonard would sustain physical harm, regardless of whether such harm occurred. We find appellee's evidence, if believed, sufficient to demonstrate appellant knowingly attempted to cause physical harm to Leonard. We note the act of driving at Leonard in the truck was immediately after threats to "knock his block off," brandishing the 2 by 6 and the flashlight, and stating "if he was going to jail, he would make it worthwhile." Shire and Leonard testified the truck did in fact strike Leonard, albeit lightly. Appellant's actions indicate knowledge, or even desire, that injury will occur. *State v. Fussell*, 8th Dist. Cuyahoga No. 87739, 2006-Ohio-6438, ¶ 44. The evidence adequately supported a reasonable inference that appellant acted knowingly. Id. at ¶ 46.

{¶22} Appellant cites examples of inconsistencies in the testimony of Leonard and Shire versus Emmalean, but we note Emmalean acknowledged the operative facts of the argument, threats, and ensuing assault. As to any perceived inconsistencies in the testimony, the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002–Ohio–2126, 767 N.E.2d 216, ¶ 79.

{¶23} The factfinder, in this case the jury, was free to accept or reject any and all of the evidence offered by the parties and assess the witnesses' credibility. "While the [factfinder] may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. McGregor,* 5th Dist. Ashland No. 15–COA–

023, 2016–Ohio–3082, ¶ 10, citing *State v. Craig,* 10th Dist. Franklin No. 99AP–739, unreported, 2000 WL 297252 (Mar. 23, 2000). The factfinder need not believe all of a witness' testimony, but may accept only portions of it as true. Id.  Our review of the entire record reveals no significant inconsistencies or other conflicts in the evidence that would demonstrate a lack of credibility of appellee's witnesses. *State v. Sanders*, 5th Dist. Ashland No. 15–COA–33, 2016–Ohio–7204, 76 N.E.3d 468, ¶ 41.

{¶24} Appellant's argument as to his conviction for possession of criminal tools is premised upon the assault argument supra: if he didn't knowingly attempt to cause physical harm to Leonard, he didn't use the truck with a criminal purpose.  The offense of possession of criminal tools requires the defendant (1) to possess or control (2) a substance, device, instrument or article, (3) with purpose to use it criminally.  R.C. 2923.24.  Having found sufficient evidence of the assault, we likewise find sufficient evidence of possession of criminal tools.  The evidence is sufficient to show appellant's control over the truck, and under the circumstances the jury reasonably concluded that the car was a part of his attempt to assault Leonard.  See, *State v. Williams*, 8th Dist. Cuyahoga No. 78932, 2001 WL 1671150, *4.

{¶25} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). The jury neither lost their way nor created a miscarriage of justice in finding appellant guilty of assault and possession of criminal tools.

{¶26} Based upon the foregoing and the entire record in this matter, we find appellant's convictions are not against the sufficiency or the manifest weight of the

evidence. The jury as the trier of fact can reach different conclusions concerning the credibility of the testimony of the witnesses; we will not disturb the jury's finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crimes beyond a reasonable doubt.

{¶27} Appellant's two assignments of error are overruled.

## CONCLUSION

{¶28} Appellant's two assignments of error are overruled and the judgment of the Ashland Municipal Court is affirmed.

By: Delaney, P.J.,

Hoffman, J. and

Wise, John, J., concur.