[Cite as *State v. Ames*, 2019-Ohio-2632.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO.  1-19-02

    v.

BRUCE M. AMES,                         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Lima Municipal Court
Trial Court No. 18TRC02739 A3

Judgment Affirmed

Date of Decision:   July 1, 2019

APPEARANCES:

    *Blaise Katter* for Appellant

    *Anthony M. DiPietro* for Appellee

Case No. 1-19-02

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Bruce M. Ames ("Ames"), appeals the November 30, 2018 judgment entries of sentencing of the Lima Municipal Court. For the reasons that follow, we affirm the judgments of the trial court.

{¶2} On March 26, 2018, Ames was issued a citation for operating a vehicle under the influence of alcohol or drugs-OVI in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor, and for a tinted-glass restriction in violation of R.C. 4513.241(C), a minor misdemeanor. (Doc. No. 1). Ames submitted to a urine test subsequent to his arrest. (*Id.*). Ames appeared for arraignment in the trial court on March 29, 2018 and entered pleas of not guilty. (Doc. No. 4).

{¶3} Thereafter, Ames was charged with an additional offense of operating a vehicle under the influence of alcohol or drugs-OVI pursuant to R.C. 4511.19(A)(1)(j)(viii)(II), a first-degree misdemeanor, after the State received the results of Ames' urine test on August 21, 2018. (Doc. No. 11). On August 27, 2018, Ames filed a written plea of not guilty to the new OVI charge along with a demand for a jury trial. (Doc. Nos. 15, 16). However, on November 28, 2018, Ames executed a waiver of jury trial.[1] (Doc. No. 24). On November 29, 2018, a bench trial commenced, and the trial court found Ames guilty of all three charges. (Doc. No. 21).

_____

[1] This waiver was journalized on December 20, 2018. (Doc. No. 24).

{¶4} At Sentencing, the trial court merged the two OVI offenses. Ames was sentenced on the OVI in violation of R.C. 4511.19(A)(1)(j)(viii)(II) to serve 90 days in the Allen County Justice Center with 80 days suspended upon the conditions that Ames have no further driving under suspensions; no further no operator's license, offenses or no six-point violations for a two-year period; that Ames report to the Allen County Justice Center on December 7, 2018 at 6:00p.m. for imposition of his ten-day jail sentence; that Ames be placed on probation for period of one-year with the same conditions of the suspended jail sentence; that Ames's license be suspended for a period of 730 days commencing on November 30, 2018; and that Ames pay a $750.00 fine plus court costs in the instant matter. (Doc. No. 21). Ames received a $25.00 fine and was ordered to pay court costs on the tinted-glass conviction. (*Id.*).

{¶5} On December 28, 2018, Ames filed notice to appeal raising three assignments of error.[2] (Doc. Nos. 25-28).

## Assignment of Error No. I

**Mr. Ames did not knowingly, intelligently, and voluntarily waive his right to a jury trial.**

{¶6} Ames argues that there was no colloquy on the record to determine if his jury waiver was in fact knowing, intelligent, and voluntarily given. Moreover,

---

[2] The partial transcript requested included the pre-trial conference held on November 13, 2018 and the trial and sentencing hearing held on November 29, 2018. (Doc. No. 28). We note that we were not provided with any other transcripts related to the four pre-trial proceedings.

Ames argues that even if his waiver was valid, his oral request for a jury trial made immediately prior to the commencement of his bench trial was a sufficient withdrawal of his jury waiver.

*Standard of Review*

**{¶7}** The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees an accused the right to trial by jury. *Duncan v. Louisiana*, 391 U.S. 145, 148, 88 S.Ct. 1444 (1968). Likewise, Section 5, Article I of the Ohio Constitution states that the "right of trial by jury shall be inviolate." However, Crim.R. 23(A)[3] allows a defendant to waive his right to a trial by jury in petty offense cases provided that the waiver is made knowingly, intelligently, and voluntarily, and in writing. The General Assembly has set forth the manner in which a defendant may waive this right. R.C. 2945.05 states:

> In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be

---

[3] Crim.R. 23(A) provides: "In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney. In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

**{¶8}** The Supreme Court of Ohio has construed R.C. 2945.05 to require five conditions to be met in order for a waiver to be validly imposed. The waiver must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court. *See State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, ¶ 9; *See also State v. Barr*, 3d Dist. Union No. 14-09-40, 2010-Ohio-1258, ¶ 10, citing *Lomax* at ¶ 9.

**{¶9}** "A jury waiver must be voluntary, knowing, and intelligent." *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, ¶ 45 citing *State v. Ruppert*, 54 Ohio St.2d 263, 271 (1978). "Waiver may not be presumed from a silent record." *Id.* citing *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, ¶ 52. "However, if the record shows a jury waiver, the verdict will not be set aside except on a plain showing that the waiver was not freely and intelligently made." *Id.* "Moreover, a written waiver is presumptively voluntary, knowing, and intelligent." *Id.*

*Analysis*

**{¶10}** On appeal, Ames contends that his jury waiver was not voluntary, knowing, or intelligently given because the trial court failed to comply with the strict confines of R.C. 2945.05. We disagree.

**{¶11}** The record indicates that Ames executed a waiver of jury trial on November 28, 2019. Ames's waiver was referenced by the trial court, *in open court*, immediately prior to Ames's bench trial on November 29, 2018. (Nov. 29, 2018 Tr. at 3, 4). Indeed, Ames's appeal on this issue ignores the underlying facts which led to the discussion of the waiver of jury in open court and Ames has failed to provide us with a transcript of any proceeding that would address his waiver of jury trial. "App.R. 9 requires an appellant to provide the appellate court with transcripts of the proceedings that are necessary to review the merits of his appeal." *State v. Brown*, 3d Dist. Marion No. 9-10-12, 2010-Ohio-4546, ¶ 8, citing App.R. 9(B). However, if no transcript is available, App.R. 9(C) and (D) provide alternatives for the appellant. *State v. Getzinger*, 3d Dist. Henry No. 7-12-06, 2013-Ohio-2416, ¶ 19; *see also* App.R. 9.

**{¶12}** Here, the record reflects that Ames executed a jury waiver on November 28, 2018, the day before his scheduled trial. (Nov. 29, 2018 Tr. at 3, 4); (Doc. No. 24). However, the record is void of any information as to how and when the trial court received such waiver prior to trial. (*See id.*). In the absence of a

complete transcript of the proceedings, a statement of the evidence pursuant to App.R. 9(C), or an agreed statement pursuant to App.R. 9(D), we have no alternative but to indulge the presumption of the regularity of the proceedings and the validity of the judgment in the trial court. *State v. Lucas*, 3d Dist. No. 9-90-81, 1991 WL 259043, *2 (Dec. 4, 1991), citing *Ostrander v. Parker-Fallis*, 29 Ohio St.2d 72, 74 (1972). Thus, because Ames failed to file a statement of evidence under App.R. 9(C) or an agreed statement under App.R. 9(D), he has waived any alleged error regarding the trial court's compliance with R.C. 2945.05. *State v. Brewer*, 48 Ohio St.3d 50, ¶ 61 (1990), citing *United States v. Gallo*, 763 F.2d 1504 (6th Cir.1985).

{¶13} In the alternative, Ames argues that the trial court erred by denying his request to withdraw his jury trial waiver made immediately prior to his bench trial. We disagree.

{¶14} A demand for a jury trial must be made in writing and filed with the court not less than ten days prior to the date set for trial or on or before the third day following receipt of notice of the date set for trial, whichever is later. Crim.R. 23. However, a waiver of a jury trial may be withdrawn by a defendant at any time before the commencement of a trial. R.C. 2945.05. Harmonizing Crim.R. 23 and R.C. 2945.05, we conclude that the timeliness in filing a demand for a jury trial or the request to withdraw a waiver of jury trial is necessary, so that, trial courts are not surprised by last minute requests that place undue burdens upon the court and

those individual jurors and witnesses who might be summoned without adequate warning. *Marysville v. Foreman*, 78 Ohio App.3d 118, 123 (3d Dist.1992), *abrogated on other grounds*, *State v. Pless*, 74 Ohio St.3d 333, 339 (1996). As such, we have previously determined that "[a]ny withdrawal of a jury waiver should, therefore, be made in a reasonable time under the circumstances. A withdrawal of a waiver before trial is preferable so that proper preparations can be made for the jurors' presence." *Id*.

{¶15} In this assignment of error, Ames fails to present any citations to case law or statutes in support of his assertions. "[A] defendant has the burden of affirmatively demonstrating the error of the trial court on appeal." *State v. Stelzer*, 9th Dist. Summit No. 23174, 2006-Ohio-6912, ¶ 7, citing *State v. Cook*, 9th Dist. Summit No. 20675, 2002-Ohio-2646, ¶ 27. "Moreover, '[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out.'" *Id*., quoting *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 WL 224934, *8 (May 6, 1998).

{¶16} "App.R. 12(A)(2) provides that an appellate court 'may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *State v. Jackson*, 10th Dist. Franklin No. 14AP-670, 2015-Ohio-3322, ¶ 11, quoting App.R.

12(A)(2). "Additionally, App.R. 16(A)(7) requires that an appellant's brief include '[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.'" *Id.*, quoting App.R. 16(A)(7). Ames fails to cite any legal authority to support his arguments related to withdrawal of his jury trial waiver under his first assignment of error.

{¶17} Since we are not required to address arguments that have not been sufficiently presented for review or supported by proper authority under App.R. 16(A)(7), we will not address Ames's arguments associated with the withdrawal of his jury trial waiver. *See State v. Jordan*, 10th Dist. Franklin No. 11AP–691, 2012-Ohio-1760, ¶ 17, citing *State v. Gonzalez*, 10th Dist. Franklin No. 10AP-628, 2011-Ohio-1193, ¶ 28-29.

{¶18} For these reasons, Ames' first assignment of error is overruled.

### Assignment of Error No. II

**The trial court erred when it failed to inquire into the circumstances that the attorney-client relationship had completely broken down, violating Mr. Ames right to counsel under the 6th Amendment to the Constitution and Article 1, Section 10 of the Ohio Constitution.**

{¶19} In his second assignment of error, Ames argues that the trial court erred by failing to inquire into the circumstances surrounding his request to seek

substitution of his trial counsel. In particular, Ames contends that the trial court was required to inquire into the facts and circumstances surrounding the purported breakdown of the attorney-client relationship. For the reasons that follow, we find this assignment of error is without merit.

*Standard of Review*

{¶20} The trial court has discretion to remove counsel and to permit the substitution of new counsel, and this decision will not be reversed absent abuse of discretion.[4] *See State v. Stein*, 3d Dist. Mercer No. 10-17-13, 2018-Ohio-2345, ¶ 19, citing *State v. Murphy,* 91 Ohio St.3d 516, 523 (2001). An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶21} "An indigent defendant does not have a right to choose a particular attorney; rather, such a defendant 'has the right to professionally competent, effective representation.'" *Stein* at ¶ 20, quoting *State v. Evans*, 153 Ohio App.3d 226, 2003-Ohio-3475, ¶ 30 (7th Dist.), citing *Murphy* at 523 (noting that an indigent defendant must show "good cause" to warrant substitution of counsel). Whether

---

[4] We apply the same standard to the substitution of privately-retained counsel that we do to the substitution of court-appointed counsel. *See State v. Jones*, 91 Ohio St.3d 335, 342 (2001); *See also State v. Goodman*, 11th Dist. Trumball No. 2006-T-0130, 2007-Ohio-6252, ¶ 31; *State v. Cobb*, 4th Dist. Scioto No. 06CA3076, 2007-Ohio-1885, ¶ 11; *State v. Fentress*, 5th Dist. Stark No. 2001CA00155, 2002-Ohio-2477, *3; *State v. Cox*, 11th Dist. Trumball No. 95-T-5279, 1997 WL 286207, *4 (May 23, 1997); *State v. Gallo*, 5th Dist. Stark No. CA-6808, 1986 WL 13821, *3 (Nov. 24, 1986).

counsel is court-appointed or privately-retained the Sixth Amendment's (as incorporated by the Fourteenth Amendment) guarantees that an individual is entitled to "'[c]ompetent representation[, but it] does not include the right to develop and share a "meaningful attorney-client relationship" with one's attorney.'" *Id.*, quoting *State v. Gordon*, 149 Ohio App.3d 237, 2002-Ohio-2761, ¶ 12 (1st Dist.); *See Murphy* at 523, citing *Morris v. Slappy*, 461 U.S. 1, 13 (1983) (noting that no court could possibly guarantee that a defendant would develop the kind of rapport that would constitute a "meaningful attorney-client relationship" whether the attorney is privately-retained or provided by the public).

**{¶22}** "In order for the court to discharge a court-appointed attorney, "'the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel.'" *Id.*, quoting *State v. Henness*, 79 Ohio St.3d 53, 65 (1997), quoting *State v. Coleman*, 37 Ohio St.3d 286 (1988), paragraph four of the syllabus. While a person with sufficient financial resources can effectively choose a particular attorney privately-retaining them for their specific case and conceptually discharge them and seek to substitute new privately-retained counsel when there is the perception of or the actual absence of rapport, this right to counsel of one's choosing is not without limitation. "That said, the right to counsel must be balanced against the trial court's authority to control its docket, as well as its awareness that a 'demand for counsel

may be utilized as a way to delay the proceedings or trifle with the court.'" *State v. Baskins*, 3d Dist. Allen No. 1-18-23, 2019-Ohio-2071, ¶ 10 quoting *United States v. Krzyske*, 836 F.2d 1013, 1017 (6th Cir.1988), and citing *State v. Lawson*, 8th Dist. Cuyahoga No. 97018, 2012-Ohio-1050, ¶ 24. *See also State v. Jones*, 91 Ohio St.3d 335, 342 (2001) (stating that, among the "[f]actors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel for include 'the timeliness of the motion'"), quoting *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir.1996).

**{¶23}** Here, Ames's request (made moments before trial) was neither supported by good cause nor timely made. Ames's trial counsel noted (to the trial court) that Ames did not want to proceed to a bench trial due to a disagreement regarding counsel's legal opinions and legal abilities. (Nov. 29, 2018 Tr. at 4). As a result, the trial court engaged Ames, on the record, regarding his reasoning to substitute counsel. The record reflects that Ames was frustrated with his counsel's trial strategy regarding the risks of a jury trial versus a bench trial on the eve of trial. (*See* Nov. 29, 2018 Tr. at 4, 5); (*See* Doc. No. 24). Specifically, Ames' was frustrated that his trial counsel's advice was for him (Ames) to waive a jury trial in favor of a bench trial. (*Id.*).

**{¶24}** We are not persuaded that Ames's stated reason for requesting to substitute counsel demonstrated how his attorney-client relationship suffered a

breakdown in communication or cooperation of such magnitude that warranted substitution of counsel. *See Coleman*, 37 Ohio St.3d 286, at paragraph four of the syllabus (stating that, in order to demonstrate good cause, "the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel."); *State v. Coleman*, 2d Dist. Montgomery No. 19862, 2004-Ohio-1305, ¶ 31. *See also State v. Evans*, 153 Ohio App.3d 226, 2003-Ohio-3475, ¶ 31 (7th Dist.) ("There must be a legitimate reason for the defendant's lack of confidence in the attorney because good cause for dismissal cannot be determined solely according to the subjective standard of what the defendant perceives."), citing *State v. Julious*, 4th Dist. Scioto No. 96CA2409, 1996 WL 718262, *2 (Dec. 5, 1996). Indeed, "[m]erely because appointed counsel's trial tactics or approach may vary from that which appellant views as prudent is not sufficient to warrant the substitution of counsel." *State v. Glasure*, 132 Ohio App.3d 227, 239, (7th Dist.1999). *See also Stein* at ¶ 29 ("'Defendant and trial counsel's failure to 'see eye to eye' regarding trial strategy is an insufficient basis for removal of appointed counsel.'"), quoting *State v. Hill*, 8th Dist. Cuyahoga No. 105554, 2018-Ohio-279, ¶ 11, and citing *State v. Crew*, 8th Dist. Cuyahoga No. 86943, 2006-Ohio-4102, ¶ 17 ("Hostility, tension, or personal conflict between an attorney and a client that do not interfere with the preparation or presentation of a

competent defense are insufficient to justify the withdrawal of appointed counsel.")

In *State v. Cowans*, 87 Ohio St.3d 68 (1999), the Supreme Court of Ohio noted,

> "A lawyer has a duty to give the accused an honest appraisal of his case. * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism." *Brown v. United States* (C.A.D.C.1959), 264 F.2d 363, 369 (en banc), quoted in *McKee v. Harris* (C.A.2, 1981), 649 F.2d 927, 932. " 'If the rule were otherwise, appointed counsel could be replaced for doing little more than giving their clients honest advice.'" *McKee*, 649 F.2d at 932, quoting *McKee v. Harris* (S.D.N.Y.1980), 485 F.Supp. 866, 869.

*Cowans*, 87 Ohio St.3d at 73.

**{¶25}** In our review, the record reflects that Ames's substitute-trial-counsel request was *not* a breakdown in communication, but rather, a trial-strategy disagreement between Ames and his trial counsel. The record demonstrates that Ames and his trial counsel were working together without difficulty until the moment the trial was scheduled to commence. Further, Ames did not proffer to the trial court that he had contacted substitute counsel who would be willing to take over his case on such short notice. Regardless, after hearing this frustration, Ames's trial counsel reiterated his willingness to continue his representation. Accordingly, Ames's reason for substitute counsel fails to demonstrate the "good cause" for further inquiry by the trial court.

**{¶26}** Moreover, Ames's substitute-counsel request made only moments before the bench trial was scheduled to commence was not timely. *See State v. Spencer*, 10th Dist. Franklin No. 16AP-444, 2017-Ohio-1140, ¶ 9 (concluding that

-14-

Spencer's substitute-counsel request was not timely because "[i]t occurred the morning of trial"). In other words, it was not error for the trial court to consider the timing of Ames' request when evaluating whether to grant or deny the request. Thus, the trial court's refusal to substitute Ames's trial counsel was not an abuse of discretion under the facts presented.

{¶27} Ames's second assignment of error is overruled.

## Assignment of Error No. III

**The trial court erred and abused its discretion when it denied a legitimate continuance request to secure new counsel at the first scheduled trial date.**

{¶28} In his third assignment of error, Ames argues that the trial court erred by denying his oral motion to continue trial. In particular, Ames contends the trial court should have continued trial to permit him to seek substitution of counsel and proceed with a jury trial. We disagree.

### *Standard of Review*

{¶29} "An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). An abuse of discretion connotes that a decision is unreasonable, arbitrary, and unconscionable. *Adams* at 157-158.

### *Analysis*

The Supreme Court of Ohio has recognized:

> There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

*Unger* at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). "Weighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *Id.*

**{¶30}** The Supreme Court of Ohio identified a number of factors that a trial court should consider when evaluating a motion for a continuance, which include (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and (6) other relevant factors, depending on the unique facts of each case. *Id.* at 67-68.

**{¶31}** In this case, Ames argues that the factors that the Ohio Supreme Court delineated in *Unger* support granting his motion for a continuance immediately preceding trial on the basis that there was a breakdown in the attorney-client relationship and the delay referenced by the trial court was not supported by the record.

**{¶32}** Ames argues that the first two factors of *Unger*, (1) the length of delay requested and (2) whether other continuances have been requested or received, weigh in his favor. However, with respect to addressing the length of the delay, Ames does not identify how much time he would need for his continuance nor did he suggest how long it would take him to employ new counsel to represent him in this matter. Further, even though Ames had not requested a continuance prior, we cannot conclude that factor is dispositive of his argument.

**{¶33}** Contrary to Ames's arguments, the trial court perceived Ames' request (for a continuance) as an attempt to delay the proceedings. (*Id*. at 8). While Ames points to the second OVI charge being filed in August, 2018 to suggest that there was ample time to try this case, the trial court noted the original violation date of March 26, 2018. (Nov. 29, 2018 Tr. at 6); (Doc. Nos. 1, 11). At the time of trial, Ames' case had been pending for eight months; there had been at least four pre-trial conferences; and the matter had been scheduled for a jury trial until a waiver was presented to the court on November 28th or 29th. (Nov. 29, 2018 Tr. at 3, 4); (Doc. Nos. 1, 8, 10, 11, 12, 20, 24, 28, 31). This factor (of delay) weighs in favor of the State.

**{¶34}** The fifth factor of *Unger* concerns whether Ames contributed to the circumstances giving rise to the continuance. We conclude that Ames last minute "change of heart" was the sole reason for the continuance request. This matter had

been pending for eight months, and the first time any issue was raised regarding Ames' dissatisfaction with his counsel or the bench trial was mere moments before the first witness was sworn-in.

**{¶35}** We therefore conclude that trial court did not abuse its discretion by denying Ames' motion to continue trial the morning of the bench trial.

**{¶36}** Accordingly, Ames' third assignment of error is overruled.

**{¶37}** Having found no error prejudicial to the appellant in the particulars assigned and argued in assignments of error one, two, and three, the judgment of the Lima Municipal Court is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**