[Cite as *State v. Lopshire*, 2019-Ohio-3427.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 1-19-16

    v.

SHAWN LOPSHIRE,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Lima Municipal Court
Trial Court No. 18CRB01949 B2

Judgment Affirmed in Part, Reversed in Part
and Cause Remanded

Date of Decision: August 26, 2019

APPEARANCES:

    *Andrea M. Brown* for Appellant

    *Anthony M. DiPietro* for Appellee

**SHAW, J.**

{¶1} This appeal, having been placed on the accelerated calendar, is *sua sponte* being assigned and considered on the regular calendar pursuant to Loc.R. 12(1). Under the authority of Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.

{¶2} Defendant-Appellant, Shawn Lopshire ("Lopshire"), appeals the March 7, 2019 Judgment Entry of Conviction Disposition of Sentence journalizing his conviction, after having entered a plea of no contest, to one count of disorderly conduct, in violation of R.C. 2917.11(A)(2), a minor misdemeanor. The trial court sentenced Lopshire to pay a fine of $75.00 and to complete 20 hours of community service within six months. On appeal, Lopshire claims that the trial court was without the authority to impose both a fine and a term of community service as a sentence for his minor misdemeanor conviction, and that the trial court's sentence constitutes an excessive fine in violation of the protections accorded to him under the Federal and Ohio Constitutions.

*Procedural History*

{¶3} On July 3, 2018, complaints were filed against Lopshire due to allegations arising from a dispute with neighbors concerning Lopshire's barking dogs. As a result, Lopshire was charged with one count of Criminal Trespass, in

violation of R.C. 2911.21(A)(1), a misdemeanor of the fourth degree, and one count of Disorderly Conduct, in violation of R.C. 2917.11(A)(2), a minor misdemeanor.

{¶4} On March 7, 2019, Lopshire entered a plea of no contest to one count of Disorderly Conduct. Upon recommendation of the prosecutor, the Criminal Trespass charge was dismissed by the trial court with prejudice. The same day, the trial court accepted Lopshire's no contest plea and found him guilty of Disorderly Conduct. The trial court imposed the following sentence:

{¶5} **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THE DEFENDANT BE**:

(**X**) Fined **$75.00** and Court Cost.

(**X**) Successfully complete **20** hours of Community Service with the agency designated by the Lima Municipal Court Probation Department within **6** months.

(**X**) Other: **THE COURT GRANTED THE DEFENDANT TO BE ABLE TO WORK WITH CHAINED EAGLES OF OHIO FOR HIS COMMUNITY SERVICE.**

**SO ORDERED.**

(Doc. No. 17).

{¶6} Lopshire filed this appeal, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING DEFENDANT-APPELLANT TO TWENTY HOURS OF COMMUNITY SERVICE IN**

**ADDITION TO IMPOSING A FINE OF SEVENTY-FIVE DOLLARS ON A MINOR MISDEMEANOR OFFENSE.**

**ASSIGNMENT OF ERROR NO. 2**

**THE IMPOSITION OF BOTH A FINE AND COMMUNITY SERVICE IN SENTENCING DEFENDANT-APPELLANT CONSTITUTES AN EXCESSIVE FINE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.**

*First Assignment of Error*

{¶7} In his first assignment of error, Lopshire argues that the trial court erred when it imposed both a fine and a term of community service as a sentence for his minor misdemeanor conviction.

*Relevant Legal Authority*

{¶8} It is undisputed by the parties that the trial court is authorized to impose a financial sanction of a fine for a minor misdemeanor of "not more than one hundred fifty dollars." R.C. 2929.28 (A)(2)(v). The parties' disagreement focuses on the trial court's authority to impose a fine *and* a term of community service for a minor misdemeanor offense; specifically, the authority conferred to the trial court in R.C. 2929.27(D), which states:

> **(D) The court imposing a sentence for a minor misdemeanor may impose a term of community service in lieu of all or part of a fine.** **The term of community service imposed for a minor misdemeanor shall not exceed thirty hours. After imposing a term of community service, the court may modify the sentence to authorize a reasonable contribution, as determined by the court,**

**to the appropriate general fund as provided in division (B) of this section.**

(Emphasis added).

{¶9} Lopshire appears to contend that this provision permits the trial court to elect to impose *either* a fine *or* a term of community service, but not both in fashioning a minor misdemeanor sentence. Alternatively, Lopshire argues that the statute requires the trial court to state in its judgment entry specifically what fine, or part of a fine, the term of community service is imposed in lieu of. The State, on the other hand, argues that the statute permits the trial court to impose both a fine and a term of community service so long as the sentence is within the statutory range—i.e., the fine does not exceed $150.00 and the term of community service does not exceed 30 hours.

{¶10} Initially, we find that the relevant case law authority supports the State's position on appeal. *See State v. Jones*, 6th Dist. Sandusky No. S-14-003, 2015-Ohio-903, ¶ 13 (stating that "[w]here the trial court imposes a fine less than the statutory amount for a minor misdemeanor, a sentence to community service is permitted within the statutory range of sentences authorized under R.C. 2929.27(D) and 2929.28(A)(2)(v)"); *Cincinnati v. Howard*, 179 Ohio App. 3d 60, 63, 900 2008-Ohio-5502, ¶ 10 (1st.Dist)(concluding that when the maximum fine was imposed for a minor misdemeanor, the trial court was without authority to order community service). Moreover, the plain language of the statute permitting a trial court to

impose "a term of community service in lieu of all *or part* of a fine" for a minor misdemeanor is consistent with these holdings. R.C. 2929.27(D) (emphasis added).

**{¶11}** This notwithstanding, we agree with Lopshire that the trial court failed to follow the statutory procedure explicitly mandated under R.C. 2929.27(D), which requires a term of community service for a minor misdemeanor offense to be imposed in lieu of all or part of a fine. Here, there is nothing in the trial court's judgment entry indicating that the term of community service was imposed in lieu of all or part of a fine. Consequently, we reverse the judgment and remand the case for resentencing with instructions to the trial court to state in its judgment entry specifically what fine, or part of a fine, the term of community service is imposed in lieu of. *See*, *Jones supra* at ¶ 16. Accordingly, to this extent only we sustain the first assignment of error.

*Second Assignment of Error*

**{¶12}** In his second assignment of error, Lopshire argues that the trial court's sentence constitutes an excessive fine, which violates his rights under the Federal and Ohio Constitutions. In support of this position, Lopshire makes an argument based upon "the only * * * section of the Ohio Revised Code wherein the hourly credit rate for community service is mentioned;" specifically, R.C. 2947.23, which pertains to imposing mandatory costs. (Appr. Br. at 6).

**{¶13}** Section 2947.23 of the Revised Code mandates that the trial court impose the costs of prosecution against all convicted defendants regardless of their ability to pay such costs. *Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811. Section 2947.23(A)(1)(a)(i) of the Revised Code permits the court to order a defendant to perform community service if the defendant fails to pay the judgment or fails to timely make payments towards the judgment. The statute directs the court to give the defendant credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount. *See* 2947.23(A)(1)(a)(ii). "Specified hourly credit rate" is defined as "an hourly credit rate set by the judge or magistrate, which shall not be less than the [federal minimum] wage rate * * * ". R.C. 2947.23(D)(2).

**{¶14}** Applying this statute to the instant case, Lopshire maintains that the trial court's sentence constitutes an excessive fine because twenty hours of community service would amount to $145.00 when calculated using the specified hourly credit rate. Lopshire asserts that this amount in addition to the $75.00 exceeds the statutory maximum for a minor misdemeanor fine of "not more than one hundred fifty dollars" as stated in R.C. 2929.28(A)(2)(v). On this basis alone, Lopshire challenges the trial court's sentence as unconstitutional.

{¶15} We do not find Lopshire's argument to be persuasive. On its face, the statutory provisions in R.C. 2947.23 pertain only to the trial court's authority to devise an alternative means for a defendant to "pay" mandatory *costs* of prosecution, and thus in our view does not govern the trial court's authority to impose a fine and/or a term of community service for a minor misdemeanor offense under R.C. 2929.27(D).

{¶16} Moreover, Lopshire has failed to set forth any authority supporting his general assertion that the trial court's sentence is unconstitutional. The Eighth Amendment to the United States Constitution prohibits excessive sanctions and provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution likewise sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted." The Supreme Court of Ohio has noted, "Central to the Constitution's prohibition [in the Eighth Amendment] is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.' " *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, ¶ 25, quoting *Weems v. United States*, 217 U.S. 349, 367 (1910); *see also United States v. Bajakajian*, 524 U.S. 321, 335 (1998)(stating that the touchstone of constitutional inquiry under the Eighth Amendment's Excessive Fines Clause is the principle of "proportionality").

**{¶17}** Lopshire has failed to articulate *any* argument in his brief alleging that the trial court's sentence is either disproportionate to his offense or otherwise constitutionally infirm. The duty is on the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error. *State v. Ames*, 3d Dist. Allen No. 1-19-02, 2019-Ohio-2632, ¶ 17; *see* App.R. 12 and App.R.16. "It is not this court's duty to 'root out' or develop an argument that can support an assigned error, even if one exists." *Lebanon v. Ballinger*, 12th Dist. Warren No. CA2014-08-107, 2015-Ohio-3522, ¶ 27. Accordingly, we overrule the second assignment of error.

**{¶18}** For the reasons stated in our resolution of the assignments of error, we affirm in part and reverse in part the judgment of the trial court and the cause is remanded for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**