[Cite as *State v. Fuentes*, 2019-Ohio-4122.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 9-18-41

    v.

JORGE L. FUENTES,                       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 18-CR-364

**Judgment Affirmed**

**Date of Decision: October 7, 2019**

APPEARANCES:

    *Todd A. Workman* **for Appellant**

    *Nathan Heiser* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Jorge L. Fuentes ("Fuentes"), appeals the October 30, 2018 judgment entry of sentence of the Marion County Court of Common Pleas. We affirm.

{¶2} On July 25, 2018, the Marion County Grand Jury indicted Fuentes on: Count One, of trafficking in heroin in violation of R.C. 2925.03(A)(2), (C)(6), a second-degree felony; Count Two, of possession of heroin in violation of R.C. 2925.11(A), (C)(6), a second-degree felony; and Count Three, of having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony. (Doc. No. 1). On July 30, 2018, Fuentes appeared for arraignment and entered pleas of not guilty. (Doc. No. 6).

{¶3} On October 3, 2018, Fuentes withdrew his pleas of not guilty and entered guilty pleas, under a written plea agreement, to an amended indictment. (Doc. No. 21). Specifically, in exchange for his guilty pleas, the State agreed to amend Count One to trafficking in heroin in violation of R.C. 2925.03(A)(2), (C)(6), a third-degree felony, and Count Three to having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony, and to dismiss Count Two.[1]

---

[1] Further and in exchange for Fuentes guilty pleas to Count One as amended and Count Three, the State agreed under the negotiated plea agreement to dismiss another case which was not made a part of the record before us. (*See* Doc. No. 21).

(*Id.*).  The trial court accepted Fuentes's guilty pleas and dismissed Count Two. (*Id.*).

{¶4} On October 3, 2018, the trial court sentenced Fuentes to 36 months in prison on Count One, 30 months in prison on Count Three, and ordered the terms be served consecutively for an aggregate sentence of 66 months.[2]  (Doc. No. 23). The trial court filed its judgment entry of sentence on October 30, 2018.  (*Id.*).

{¶5} Fuentes filed a notice of appeal on November 9, 2018, and raises one assignment of error for our review.  (Doc. No. 27).

### Assignment of Error

**The trial court erred when it sentenced Appellant to two lengthy prison sentences for non-violent third degree felonies to be served consecutively inconsistent with the purposes and principles of sentencing given in the Ohio Revised Code.**

{¶6} In his assignment of error, Fuentes argues that the trial court erred by imposing the maximum term of imprisonment.  In particular, Fuentes argues that his sentence is inconsistent with the purposes and principles of sentencing under R.C. 2929.11.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not

---

[2] The trial court imposed a mandatory $2,500.00 fine as to Count One.  (Doc. No. 23).

support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶8}** "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. In this case, as third-degree felonies, trafficking in heroin and having weapons while under

disability, each carry a non-mandatory sanction of 9-months to 36-months imprisonment. R.C. 2925.03(A)(2), (C)(6) (2016) (current version at R.C. 2925.03(A)(2), (C)(6) (2019)); R.C. 2923.13(A)(3), (B); 2929.13(C) (2017) (current version at R.C. 2929.13(C) (2019)); 2929.14(A)(3)(b) (2017) (current version at R.C. 2929.14(A)(3)(b) (2019)). Because the trial court sentenced Fuentes to 36 months in prison on Count One and 30 months in prison on Count Three, the trial court's sentences fall within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶9} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these

principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶10} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. In Fuentes's sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (Doc. No. 23). In order to determine if the trial court considered the statutory factors, we normally look to the sentencing entry and the sentencing hearing.

{¶11} In his appeal, Fuentes failed to provide a transcript of the proceeding or a suitable alternative. "App.R. 9 requires an appellant to provide the appellate

court with transcripts of the proceedings that are necessary to review the merits of [his] appeal." *State v. Brown*, 3d Dist. Marion No. 9-10-12, 2010-Ohio-4546, ¶ 8, citing App.R. 9(B). In the absence of a complete transcript of the proceedings, a statement of the evidence pursuant to App.R. 9(C), or an agreed statement pursuant to App.R. 9(D), we have no alternative but to indulge the presumption of the regularity of the proceedings and the validity of the judgment in the trial court. *Brown* at ¶ 19, citing App.R. 9(B) and *Knapp v. Edwards Laboratories*, 61 Ohio Std.2d 197, 199 (1980) (concluding that Brown had not provided the reviewing court with a "transcript of the hearing necessary to resolve the assignments of error"). *See State v. Ames*, 3d Dist. Allen No. 1-19-02, 2019-Ohio-2632, ¶ 12, citing *State v. Lucas*, 3d Dist. Marion No. 9-90-81, 1991 WL 259043, *2, citing *Ostrander v. Parker-Fallis*, 29 Ohio St.2d 72, 74 (1972). Thus, because we do not have the ability to review a transcript or a suitable alternative, we must presume regularity in the proceeding and the validity of the trial court's consideration of the purposes and principles of sentencing. *See Ames* at ¶ 12, citing *Lucas* at *2, citing *Ostrander* at 74. More importantly, without a transcript, we must presume that the trial court had adequate evidence before it to support its findings. *Id.*, citing *State v. Brewer*, 48 Ohio St.3d 50, 61 (1990), citing *United States v. Gallo*, 763 F.2d 1504 (6th Cir.1985).

{¶12} Therefore, we are not able to conclude that Fuentes's sentence is unsupported by the record or contrary to law. Accordingly, Fuentes's assignment of error is overruled.

{¶13} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**