[Cite as *State v. Bryant*, 2022-Ohio-418.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                             CASE NO.  1-21-25

    v.

SHAUNTAE D. BRYANT,                          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Lima Municipal Court
Trial Court No. 21CRB00264

Judgment Affirmed

Date of Decision:  February 14, 2022

APPEARANCES:

    *Thomas J. Lucente, Jr.* for Appellant

    *Kaia L. Waldick* for Appellee

Case No. 1-21-24

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Shauntae D. Bryant ("Bryant"), appeals the June 4, 2021 judgment of the Lima Municipal Court finding Bryant guilty of criminal trespass, following a bench trial on May 24, 2021. For the following reasons, we affirm.

{¶2} This case stems from Bryant's entrance and remaining (on February 15, 2021) onto LaTonya Glenn's ("Glenn") land or premises (located at 773 Richie Avenue, Lima, Allen County, Ohio) and the subsequent altercation between Bryant and Glenn.[1]

{¶3} On February 19, 2021, a complaint was issued against Bryant for assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree, and for criminal trespass in violation of R.C. 2911.21(A)(1), a misdemeanor of the fourth degree. (Doc. No. 2). Bryant appeared for her arraignment on March 2, 2021 and entered pleas of not guilty. (Doc. Nos. 3, 4).

{¶4} A bench trial commenced on May 24, 2021, and Bryant was found not guilty (by the trial court) of assault, but guilty of criminal trespass.[2] (Doc. Nos. 8, 9). The trial court then sentenced Bryant for criminal trespass to 30-days in jail and a $250 fine. (Doc. No. 10).

---

[1] Glenn is the legal custodian of Bryant's five children. (Doc. No. 1). Two children were involved in this incident Ar.B. (a minor child) and Am.B. (a now adult child). (Doc. No. 9).

[2] The judgment entries of acquittal (for assault) and conviction (for criminal trespass) were filed on June 4, 2021. (Doc. No. 10).

{¶5} On June 23, 2021, Bryant filed timely notice of appeal. (Doc. No. 14). She raises a single assignment of error.

**Assignment of Error**

**The trial court erred in finding appellant guilty of criminal trespass despite the fact she had permission to be on the property from one of the residents of the home.**

{¶6} In her sole assignment of error, Bryant argues that her conviction is based on insufficient evidence. Specifically, Bryant argues that the trial court lost its way in evaluating the evidence by failing to conclude that she had permission to be on the land or premises from a resident (i.e., her adult child–Am.B.) of Glenn's home and that Glenn's testimony was not credible.

*Standard of Review*

{¶7} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the

evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, *superseded by statute on other grounds*, *Smith* at 89.

*Analysis*

{¶8} Here, Bryant was convicted of criminal trespass in violation of R.C. 2911.21(A)(1). R.C. 2911.21 provides in its pertinent parts:

> (A) No person, *without privilege to do so*, shall do any of the following:
>
> (1)  Knowingly enter or remain on the land or premises of another;
>
> * * *
>
> (D)(1) Whoever violates this section is guilty of criminal trespass. Criminal trespass in violation of division (A)(1), (2), (3), or (4) of this section is a misdemeanor of the fourth degree. Criminal trespass in violation of division (A)(5) of this section is a misdemeanor of the first degree.

(Emphasis added.)  R.C. 2911.21(A)(1), (D)(1).   Importantly, Bryant is disputing that the State presented *sufficient* evidence as to "[p]rivilege" since Bryant subjectively believed that she was "[p]rivilege[d]" to enter onto Glenn's premises

upon Am.B.'s permission. Specifically, Bryant argues that the State presented no evidence that Am.B. was *limited* in his ability to give Bryant permission to enter Glenn's premises, and that Glenn's testimony (contradicting Am.B.) is not credible.

**{¶9}** Indeed, "[t]respass is an invasion of the possessory interest of property, not an invasion of title." *State v. Herder*, 65 Ohio App.2d 70, 73 (10th Dist.1979). R.C. 2901.01(A)(12) defines "[p]rivilege" to mean "an immunity, license, or right conferred by law, *bestowed by express* or implied *grant*, arising out of status, position, office, or relationship, or growing out of necessity." (Emphasis added.) A person's privilege to be on the property of another can be limited to certain areas. *See State v. Robinson*, 6th Dist. Lucas No. L-16-1131, 2017 WL 2610658, ¶ 49. Moreover, while a person's presence at the property may be initially lawful, it can, nonetheless, morph into trespass if that privilege is revoked or terminated. *Id.*, citing *State v. Petefish*, 7th Dist. Mahoning No. 10 MA 78, 2011-Ohio-6367, ¶ 22. *See also State v. Steffen*, 31 Ohio St.3d 111, 115 (1987) (committing an offense of violence against a person authorized to revoke permission automatically terminates "[p]rivilege").

**{¶10}** In order to determine if Am.B. had any possessory interest in the property or if Am.B. should be considered a resident of the property who has authority to make an express grant of "[p]rivilege" to anyone, we must review the transcript of the May 24, 2021 trial. "'App.R. 9 requires an appellant to provide the

appellate court with transcripts of the proceedings that are necessary to review the merits of [her] appeal.'" *State v. Ford,* 3d Dist. Union No. 14-19-31, 2020-Ohio-3770, ¶ 15, quoting *State v. Brown*, 3d Dist. Marion No. 9-10-12, 2010-Ohio-4546, ¶ 8, citing App.R. 9(B). Notably, we were not provided with a transcript of the trial in this matter.

**{¶11}** In the absence of a complete transcript of the proceedings, a statement of the evidence pursuant to App.R. 9(C), or an agreed statement pursuant to App.R. 9(D), we have no alternative but to indulge the presumption of the regularity of the proceedings and the validity of the judgment in the trial court. *State v. Ames*, 3d Dist. Allen No. 1-19-02, 2019-Ohio-2632, ¶ 12, citing *State v. Lucas*, 3d Dist. Marion No. 9-90-81, 1991 WL 259043, *2 (Dec. 4, 1991), citing *Ostrander v. Parker-Fallis*, 29 Ohio St.2d 72, 74 (1972).

**{¶12}** Thus, because we do not have the ability to review the transcript or a suitable alternative from the trial in this matter, we must presume regularity in the proceedings and the validity of the trial court's judgment. *Id.*, citing *State v. Brewer*, 48 Ohio St.3d 50, 61 (1990), citing *United States v. Gallo*, 763 F.2d 1504 (6th Cir. 1985). As such Bryant's arguments are without merit, since we can presume that the trial court had sufficient evidence upon which to base its finding of guilt and its credibility determinations were appropriate, even if, they were misplaced in a sufficiency-of-the-evidence argument.

**{¶13}** Accordingly, Bryant's sole assignment of error is overruled.

**{¶14}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**